# EXHIBIT A



## Certified Policy Record

I, the undersigned, do hereby confirm that I am custodian of the records pertaining to the issuance of policies by State Farm Mutual Automobile Insurance Company.

I certify that the attached documents represent a true and accurate record of the terms and conditions of Policy Number 979 2301-E03-11A including any endorsements, if applicable, for the policy term(s) 05/03/2021 to 05/10/2021 and insuring CUDD, JARRETT & LEAH based on available records.

It is State Farm's business practice to print a new Declarations Page only when a policy issuance transaction such as a change of coverage occurs. Therefore, the included Declarations Page which was in effect at the time of loss will indicate the policy period of the last policy issuance transaction.

The policy was in effect on the loss date of 05/08/2021.

Jessica Bass
Underwriter
Date: 01/14/2022

## 6128CR AMENDATORY ENDORSEMENT

This endorsement is a part of the policy.  Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

1. **DEFINITIONS**

   *Newly Acquired Car* is changed to read:

   *Newly Acquired Car* means a *car* newly *owned by you* or a *resident relative*.

   A *car* ceases to be a *newly acquired car* on the earlier of:

   1. the effective date and time of a policy, including any binder, issued by *us* or any other company that describes the *car* as an insured vehicle; or

   2. the end of the 14th calendar day immediately following the date the *car* is delivered to *you* or a *resident relative*.

   If a *newly acquired car* is not otherwise afforded comprehensive coverage or collision coverage by this or any other policy, then this policy will provide Comprehensive Coverage or Collision Coverage for that *newly acquired car*, subject to a deductible of $500.

2. **LIABILITY COVERAGE**

   a. **Additional Definition**

      Item 4. of *Insured* is changed to read:

      *Insured* means any other *person* or organization vicariously liable for the use of a vehicle by an *insured* as defined in 1., 2., or 3. above, but only for such vicarious liability.  This provision applies only if the vehicle is:

      a. neither *owned by*, nor hired by, that other *person* or organization; and

      b. neither available for, nor being used for, carrying *persons* for a charge.

   b. **Exclusions**

      (1) Exclusion 7. is changed to read:

          THERE IS NO COVERAGE FOR AN *INSURED* FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS:

          a. MADE AVAILABLE; OR

          b. BEING USED

          TO CARRY *PERSONS* FOR A CHARGE.  This exclusion does not apply to the use of a *private passenger car* on a share-the-expense basis;

      (2) The language in exclusion 11. that reads:

          This exclusion does not apply to damage to a:

          a. motor vehicle *owned by* the employer of *you* or any *resident relative* if such damage is caused by an *insured* while operating another motor vehicle;

          b. residence while rented to or leased to an *insured*; or

          c. private garage while rented to or leased to an *insured*;

©, Copyright, State Farm Mutual Automobile Insurance Company, 2016

is changed to read:

This exclusion does not apply to damage to a:

a. motor vehicle **owned by** the employer of **you** or the employer of any **resident relative** if such damage is caused by an **insured** while operating another motor vehicle;

b. residence while rented to or leased to an **insured**; or

c. private garage while rented to or leased to an **insured**;

### 3. MEDICAL PAYMENTS COVERAGE

#### Exclusions

Exclusion 4. is changed to read:

THERE IS NO COVERAGE FOR AN **INSURED** WHO IS **OCCUPYING** A VEHICLE WHILE IT IS:

a. MADE AVAILABLE; OR

b. BEING USED

TO CARRY **PERSONS** FOR A CHARGE. This exclusion does not apply to:

a. the use of a **private passenger car** on a share-the-expense basis; or

b. an **insured** while **occupying** a **non-owned car** as a passenger;

### 4. PHYSICAL DAMAGE COVERAGES

a. The paragraph that reads:

If a deductible applies to Comprehensive Coverage, then it is shown on the Declarations Page. The deductible that applies to Collision Coverage is shown on the Declarations Page.

is changed to read:

#### Deductible

1. If "D" is shown under "SYMBOLS" on the Declarations Page, then the deductible that applies to Comprehensive Coverage, if any, is the dollar amount shown on the Declarations Page next to the title of this coverage. However, **we** will not deduct more than $500 for any **loss** to a **newly acquired car**.

2. If "G" is shown under "SYMBOLS" on the Declarations Page, then the deductible that applies to Collision Coverage is the dollar amount shown on the Declarations Page next to the title of this coverage. However, **we** will not deduct more than $500 for any **loss caused by collision** to a **newly acquired car**.

b. **Insuring Agreements**

#### Car Rental and Travel Expenses Coverage

Item 4.a. **Car Rental Expense** is changed to read:

#### Car Rental Expense

**We** will pay the **daily rental charge** incurred when an **insured** rents a **car** from a **car business** while **your car** or a **newly acquired car** is:

(1) not drivable; or

(2) being repaired

as a result of a **loss** which would be payable under Comprehensive Coverage or Collision Coverage.

©, Copyright, State Farm Mutual Automobile Insurance Company, 2016
6128CR

*We* will pay this **daily rental charge** incurred during a period that:

(1) starts on the date:

    (a) the vehicle is not drivable as a result of the **loss**; or

    (b) the vehicle is left at a repair facility if the vehicle is drivable; and

(2) ends on the earliest of:

    (a) the date the vehicle has been repaired or replaced;

    (b) the date *we* offer to pay for the **loss** if the vehicle is repairable but *you* choose to delay repairs; or

    (c) seven days after *we* offer to pay for the **loss** if the vehicle is:

        (i) a total loss as determined by *us*; or

        (ii) stolen and not recovered.

The amount of any such **daily rental charge** incurred by an **insured** must be reported to *us* before *we* will pay such amount.

c. **Exclusions**

Exclusion 3. is changed to read:

THERE IS NO COVERAGE FOR ANY ***COVERED VEHICLE*** WHILE IT IS:

a. MADE AVAILABLE; OR

b. BEING USED

TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to the use of a **private passenger car** on a share-the-expense basis;

5. **INSURED'S DUTIES**

a. Item 6.a.(3) is changed to read:

A **person** making claim under:

a. Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, or Loss of Earnings Coverage must:

(3) provide written authorization for *us* to obtain medical bills, medical records, wage information, salary information, employment information, and any other information *we* deem necessary to substantiate the claim.

Such authorizations must not:

(a) restrict *us* from performing *our* business functions in:

    (i) obtaining records, bills, information, and data; nor

    (ii) using or retaining records, bills, information, and data collected or received by *us*;

(b) require *us* to violate federal or state laws or regulations;

(c) prevent *us* from fulfilling *our* data reporting and data retention obligations to insurance regulators; or

©, Copyright, State Farm Mutual Automobile Insurance Company, 2016
6128CR

(d) prevent **us** from disclosing claim information and data:

(i) to enable performance of **our** business functions;

(ii) to meet **our** reporting obligations to insurance regulators;

(iii) to meet **our** reporting obligations to insurance data consolidators; and

(iv) as otherwise permitted by law.

If an injured **insured** is a minor, unable to act, or dead, then his or her legal representative must provide **us** with the written authorization.

If the holder of the information refuses to provide it to **us** despite the authorization, then at **our** request the **person** making claim or his or her legal representative must obtain the information and promptly provide it to **us**; and

b. The following is added to item 6.:

A **person** making claim under Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, or Loss of Earnings Coverage must submit to **us** all information **we** need to comply with federal and state laws and regulations.

6. **GENERAL TERMS**

a. The following is added to **Newly Owned or Newly Leased Car**:

If a **resident relative** wants to insure a **car** newly **owned by** the **resident relative** with the **State Farm Companies** after that **car** ceases to be a **newly acquired car**, then the **resident relative** must apply to the **State Farm Companies** for a separate policy to insure the **car** newly **owned by** the **resident relative**. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of the application.

b. The following are added to **GENERAL TERMS**:

**Electronic Delivery**

With **your** consent, **we** may, if allowed by law, electronically deliver any document or notice, including a notice to renew, nonrenew, or cancel, instead of mailing it or delivering it by other means. Proof of transmission will be sufficient proof of notice.

**Our Rights Regarding Claim Information**

a. **We** will collect, receive, obtain, use, and retain all the items described in item b.(1) below and use and retain the information described in item b.(3)(b) below, in accordance with applicable federal and state laws and regulations and consistent with the performance of **our** business functions.

b. Subject to a. above, **we** will not be restricted in or prohibited from:

©, Copyright, State Farm Mutual Automobile Insurance Company, 2016

(1) collecting, receiving, or obtaining records, receipts, invoices, medical bills, medical records, wage information, salary information, employment information, data, and any other information;

(2) using any of the items described in item b.(1) above; or

(3) retaining:

    (a) any of the items in item b.(1) above; or

    (b) any other information *we* have in *our* possession as a result of *our* processing, handling, or otherwise resolving claims submitted under this policy.

c. *We* may disclose any of the items in item b.(1) above and any of the information described in item b.(3)(b) above:

(1) to enable performance of *our* business functions;

(2) to meet *our* reporting obligations to insurance regulators;

(3) to meet *our* reporting obligations to insurance data consolidators;

(4) to meet other obligations required by law; and

(5) as otherwise permitted by law.

d. *Our* rights under a., b., and c. above shall not be impaired by any:

(1) authorization related to any claim submitted under this policy; or

(2) act or omission of an *insured* or a legal representative acting on an *insured's* behalf.

©, Copyright, State Farm Mutual Automobile Insurance Company, 2016



Please read the policy carefully. If there is an accident, contact your State Farm agent or one of our Claim Offices at once. (See "INSURED'S DUTIES" in this policy booklet.)

State Farm®
**Car Policy**
Booklet

**Georgia**
Policy Form 9811B

# CONTENTS

**THIS POLICY** ............................................. 3

**DEFINITIONS** ........................................... 4

**LIABILITY COVERAGE** ......................... 6

    Additional Definition ............................. 6

    Insuring Agreement ............................... 6

    Supplementary Payments ...................... 7

    Limits ....................................................... 7

    Nonduplication ...................................... 8

    Exclusions .............................................. 8

    If Other Liability Coverage Applies ............ 9

    Required Out-of-State Liability Coverage ... 11

    Financial Responsibility Certification ....... 11

**MEDICAL PAYMENTS COVERAGE** ..... 11

    Additional Definitions ............................. 11

    Insuring Agreement ............................... 12

    Determining Medical Expenses ............... 12

    Limit ....................................................... 12

    Exclusions .............................................. 13

    If Other Medical Payments Coverage or Similar Vehicle Insurance Applies ........... 14

    Our Payment Options ............................. 15

**UNINSURED MOTOR VEHICLE COVERAGE** .............................................. 16

    Additional Definitions ............................. 16

    Insuring Agreement ............................... 16

    Consent to Be Bound ............................. 16

    Limits ..................................................... 16

    Nonduplication ...................................... 18

    Exclusions .............................................. 18

    If Other Uninsured Motor Vehicle Coverage Applies ...................................................... 18

    Our Payment Options ............................. 19

**PHYSICAL DAMAGE COVERAGES** .... 19

    Additional Definitions ............................. 19

    Insuring Agreements ............................... 20

    Supplementary Payments – Comprehensive Coverage and Collision Coverage ..................................... 22

    Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage ..................................... 22

    Limits – Car Rental and Travel Expenses Coverage ................................. 24

    Nonduplication ...................................... 24

    Exclusions .............................................. 24

    If Other Physical Damage Coverage or Similar Coverage Applies ....................... 26

    Financed Vehicle ................................... 27

    Our Payment Options ............................. 27

**DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE** ............... 28

    Additional Definition ............................. 28

    Insuring Agreement ............................... 28

    Benefit ................................................... 28

    Exclusions – Death, Dismemberment and Loss of Sight Coverage, and Loss of Earnings Coverage ................................. 29

    Our Payment Options– Death, Dismemberment and Loss of Sight Coverage, and Loss of Earnings Coverage ...................... 30

**LOSS OF EARNINGS COVERAGE** ........ 29

    Additional Definitions ............................. 29

    Insuring Agreement ............................... 29

    Limit ....................................................... 29

    Exclusions– Death, Dismemberment and Loss of Sight Coverage, and Loss of Earnings Coverage ................................. 29

    Our Payment Options – Death, Dismemberment and Loss of Sight Coverage, and Loss of Earnings Coverage ...................... 30

**INSURED'S DUTIES**.................................. 30

Notice to Us of an Accident or Loss ......... 30

Notice to Us of a Claim or Lawsuit .......... 31

Insured's Duty to Cooperate With Us ....... 31

Questioning Under Oath ........................... 31

Other Duties Under the Physical
Damage Coverages ................................... 31

Other Duties Under Medical Payments
Coverage, Uninsured Motor Vehicle
Coverage, Death, Dismemberment and
Loss of Sight Coverage, and Loss of
Earnings Coverage ................................... 32

**GENERAL TERMS** .................................. 33

When Coverage Applies........................... 33

Where Coverage Applies ......................... 33

Newly Owned or Newly Leased Car......... 33

Changes to This Policy............................. 34

Premium .................................................. 35

Renewal ................................................... 35

Nonrenewal .............................................. 35

Cancellation.............................................. 35

Assignment............................................... 36

Bankruptcy or Insolvency of the Insured .. 36

Concealment or Fraud .............................. 36

Extended Coverage for Spouse ................ 36

Conformance to Statute ............................ 36

Our Right to Recover Our Payments......... 36

Legal Action Against Us .......................... 37

Choice of Law .......................................... 37

Severability............................................... 38

# THIS POLICY

1.  This policy consists of:

    a.  the most recently issued Declarations Page;

    b.  the policy booklet version shown on that Declarations Page; and

    c.  any endorsements that apply, including those listed on that Declarations Page as well as those issued in connection with any subsequent renewal of this policy.

2.  This policy contains all of the agreements between all named insureds who are shown on the Declarations Page and all applicants and:

    a.  *us*; and

    b.  any of *our* agents.

3.  *We* agree to provide insurance according to the terms of this policy:

    a.  based on payment of premium for the coverages chosen; and

    b.  unless otherwise stated in "EXCEPTIONS, POLICY BOOKLET, & ENDORSEMENTS" on the Declarations Page, in reliance on the following statements:

    (1) The named insured shown on the Declarations Page is the sole owner of *your car*.

    (2) Neither *you* nor any member of *your* household has, within the past three years, had:

    (a)  vehicle insurance canceled or nonrenewed by an insurer; or

    (b)  either:

    (i)  a license to drive; or

    (ii) a vehicle registration

    suspended, revoked, or refused.

(3) *Your car* is used for pleasure and business.

4. All named insureds shown on the Declarations Page and all applicants agree by acceptance of this policy that:

   a. the statements in 3.b. above are made by such named insured or applicant and are true; and

   b. *we* provide this insurance on the basis those statements are true.

5. *Your* purchase of this policy may allow *you* to purchase certain coverages, coverage options, coverage deductibles, coverage limits, or coverage terms on other policies from the **State Farm Companies**, subject to their applicable eligibility rules.

## DEFINITIONS

*We* define certain words and phrases below for use throughout the policy. Each coverage includes additional definitions only for use with that coverage. These definitions apply to the singular, plural, possessive, and any other form of these words and phrases. Defined words and phrases are printed in boldface italics.

***Bodily Injury*** means bodily injury to a ***person*** and sickness, disease, or death that results from it.

***Car*** means a land motor vehicle with four or more wheels, designed for use primarily on public roads. It does not include:

1. Any vehicle while located for use as a dwelling or other premises; or

2. A truck-tractor designed to pull any type of trailer.

***Car Business*** means a business or job where the purpose is to sell, lease, rent, repair, service, modify, transport, store, or park land motor vehicles or any type of trailer.

***Newly Acquired Car*** means a ***car*** newly ***owned by you***. A ***car*** ceases to be a ***newly acquired car*** on the earlier of:

1. the effective date and time of a policy, including any binder, issued by ***us*** or any other company that describes the ***car*** as an insured vehicle; or

2. the end of the 14th calendar day immediately following the date the ***car*** is delivered to ***you***.

If a ***newly acquired car*** is not otherwise afforded comprehensive coverage or collision coverage by this or any other policy, then this policy will provide Comprehensive Coverage or Collision Coverage for that ***newly acquired car***, subject to a deductible of $500. Any coverage provided as a result of this paragraph will apply only until the end of the 5th calendar day immediately following the date the ***newly acquired car*** is delivered to ***you***.

***Non-Owned Car*** means a ***car*** that is in the lawful possession of ***you*** or any ***resident relative*** and that neither:

1. is ***owned by***:

   a. ***you***;

   b. any ***resident relative***;

   c. any other ***person*** who resides primarily in ***your*** household; or

   d. an employer of any ***person*** described in a., b., or c. above; nor

2. has been operated by, rented by, or in the possession of:

   a. ***you***; or

   b. any ***resident relative***

   during any part of each of the 31 or more consecutive days immediately prior to the date of the accident or ***loss***.

4
9811B

***Occupying*** means in, on, entering, or exiting.

***Our*** means the Company issuing this policy as shown on the Declarations Page.

***Owned By*** means:

1. owned by;

2. registered to; or

3. leased, if the lease is written for a period of 31 or more consecutive days, to.

***Pedestrian*** means a ***person*** who is not ***occupying***:

1. a motorized vehicle; or

2. a vehicle designed to be pulled by a motorized vehicle.

***Person*** means a human being.

***Private Passenger Car*** means:

1. a ***car*** of the private passenger type, other than a pickup truck, van, minivan, or sport utility vehicle, designed primarily to carry ***persons*** and their luggage; or

2. a pickup truck, van, minivan, or sport utility vehicle:

    a. that is not used for:

        (1) wholesale; or

        (2) retail

        pickup or delivery; and

    b. that has a Gross Vehicle Weight Rating of 10,000 pounds or less.

***Resident Relative*** means a ***person***, other than ***you***, who resides with the first ***person*** shown as a named insured on the Declarations Page and who is:

1. related to that named insured or his or her spouse by blood, marriage, or adoption, including a child of either who is away at school and otherwise maintains his or her residence with that named insured; or

2. a ward or a foster child of that named insured, his or her spouse, or a ***person*** described in 1. above.

***State Farm Companies*** means one or more of the following:

1. State Farm Mutual Automobile Insurance Company;

2. State Farm Fire and Casualty Company; and

3. Subsidiaries or affiliates of either 1. or 2. above.

***Temporary Substitute Car*** means a ***car*** that is in the lawful possession of the ***person*** operating it and that:

1. replaces ***your car*** for a short time while ***your car*** is out of use due to its:

    a. breakdown;

    b. repair;

    c. servicing;

    d. damage; or

    e. theft; and

2. neither ***you*** nor the ***person*** operating it own or have registered.

If a ***car*** qualifies as both a ***non-owned car*** and a ***temporary substitute car***, then it is considered a ***temporary substitute car*** only.

***Trailer*** means:

1. a trailer:

    a. designed to be pulled by a ***private passenger car***;

    b. not designed to carry ***persons***; and

    c. while not used as premises for office, store, or display purposes; or

2. a farm implement or farm wagon while being pulled on public roads by a ***car***.

***Us*** means the Company issuing this policy as shown on the Declarations Page.

5
9811B

*We* means the Company issuing this policy as shown on the Declarations Page.

*You* or *Your* means the named insured or named insureds shown on the Declarations Page. If a named insured shown on the Declarations Page is a *person*, then "*you*" or "*your*" includes the spouse of the first *person* shown as a named insured if the spouse resides primarily with that named insured.

*Your Car* means the vehicle shown under "YOUR CAR" on the Declarations Page. *Your Car* does not include a vehicle that *you* no longer own or lease.

If a *car* is shown on the Declarations Page under "YOUR CAR", and *you* ask *us* to replace it with a *car* newly *owned by you*, then the *car* being replaced will continue to be considered *your car* until the earliest of:

1.  the end of the 30th calendar day immediately following the date the *car* newly *owned by you* is delivered to *you*;

2.  the date this policy is no longer in force; or

3.  the date *you* no longer own or lease the *car* being replaced.

## LIABILITY COVERAGE

This policy provides Liability Coverage if "A" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definition**

*Insured* means:

1.  *you* and *resident relatives* for:

    a.  the ownership, maintenance, or use of:

        (1)  *your car*;

        (2)  a *newly acquired car*; or

        (3)  a *trailer*; and

    b.  the maintenance or use of:

        (1)  a *non-owned car*; or

        (2)  a *temporary substitute car*;

2.  the first *person* shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured for the maintenance or use of a *car* that is *owned by*, or furnished by an employer to, a *person* who resides primarily in *your* household, but only if such *car* is neither *owned by*, nor furnished by an employer to, the first *person* shown as a named insured on the Declarations Page or that *person's* spouse;

3.  any other *person* for his or her use of:

    a.  *your car*;

    b.  a *newly acquired car*;

    c.  a *temporary substitute car*; or

    d.  a *trailer* while attached to a *car* described in a., b., or c. above.

    Such vehicle must be used within the scope of *your* consent; and

4.  any other *person* or organization vicariously liable for the use of a vehicle by an *insured* as defined in 1., 2., or 3. above, but only for such vicarious liability. This provision applies only if the vehicle is neither *owned by*, nor hired by, that other *person* or organization.

*Insured* does not include the United States of America or any of its agencies.

**Insuring Agreement**

1.  *We* will pay:

    a.  damages an *insured* becomes legally liable to pay because of:

        (1)  *bodily injury* to others; and

        (2)  damage to property

6
9811B

caused by an accident that involves a vehicle for which that *insured* is provided Liability Coverage by this policy;

b. attorney fees for attorneys chosen by *us* to defend an *insured* who is sued for such damages; and

c. court costs charged to an *insured* and resulting from that part of a lawsuit:

   (1) that seeks damages payable under this policy's Liability Coverage; and

   (2) against which *we* defend an *insured* with attorneys chosen by *us*.

*We* have no duty to pay attorney fees and court costs incurred after *we* deposit in court or pay the amount due under this policy's Liability Coverage.

2. *We* have the right to:

   a. investigate, negotiate, and settle any claim or lawsuit;

   b. defend an *insured* in any claim or lawsuit, with attorneys chosen by *us*; and

   c. appeal any award or legal decision

for damages payable under this policy's Liability Coverage.

**Supplementary Payments**

*We* will pay, in addition to the damages, fees, and costs described in the **Insuring Agreement** above, the interest, premiums, costs, and expenses listed below that result from such accident:

1. Interest on damages owed by the *insured* that accrues:

   a. before a judgment, where owed by law, but only on that part of the judgment *we* pay; and

   b. after a judgment. *We* will not pay interest on damages paid or payable by a party other than the *insured* or *us*.

*We* have no duty to pay interest that accrues after *we* deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage;

2. Premiums for bonds, provided by a company chosen by *us*, required to appeal a decision in a lawsuit against an *insured*. *We* have no duty to:

   a. pay for bonds that exceed this policy's applicable Liability Coverage limit;

   b. furnish or apply for any bonds; or

   c. pay premiums for bonds purchased after *we* deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage; and

3. The following costs and expenses if related to and incurred after a lawsuit has been filed against an *insured*:

   a. Loss of wages or salary, but not other income, up to $200 for each day an *insured* attends, at *our* request:

      (1) an arbitration;

      (2) a mediation; or

      (3) a trial of a lawsuit; and

   b. Reasonable expenses incurred by an *insured* at *our* request other than loss of wages, salary, or other income.

The amount of any of the costs or expenses listed above that are incurred by an *insured* must be reported to *us* before *we* will pay such incurred costs or expenses.

**Limits**

The Liability Coverage limits for *bodily injury* are shown on the Declarations Page under "Liability Coverage – Bodily Injury Limits – Each Person, Each Accident."

The limit shown under "Each Person" is the most *we* will pay for all damages resulting from *bodily injury* to any one *person* injured in any one accident, including all damages sustained by other *persons* as a result of that

7
9811B

***bodily injury***. The limit shown under "Each Accident" is the most ***we*** will pay, subject to the limit for "Each Person", for all damages resulting from ***bodily injury*** to two or more ***persons*** injured in the same accident.

The Liability Coverage limit for damage to property is shown on the Declarations Page under "Liability Coverage – Property Damage Limit – Each Accident". The limit shown is the most ***we*** will pay for all damages resulting from damage to property in any one accident.

These Liability Coverage limits are the most ***we*** will pay regardless of the number of:

1. ***insureds***;
2. claims made;
3. vehicles insured; or
4. vehicles involved in the accident.

**Nonduplication**

***We*** will not pay any damages or expenses under Liability Coverage that have already been paid under Uninsured Motor Vehicle Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***.

**Exclusions**

THERE IS NO COVERAGE FOR AN ***INSURED***:

1. WHO INTENTIONALLY CAUSES ***BODILY INJURY*** OR DAMAGE TO PROPERTY TO THE EXTENT THAT THE LIMITS OF LIABILITY OF THIS COVERAGE EXCEED THE LIMITS OF LIABILITY REQUIRED BY LAW;

2. FOR ***BODILY INJURY*** TO:
   a. ***YOU***;
   b. ***RESIDENT RELATIVES***; AND
   c. ANY OTHER ***PERSON*** WHO BOTH RESIDES PRIMARILY WITH AN ***INSURED*** AND WHO:
      (1) IS RELATED TO THAT ***INSURED*** BY BLOOD, MARRIAGE, OR ADOPTION; OR

      (2) IS A WARD OR FOSTER CHILD OF THAT ***INSURED***

IF THE INTRA-FAMILIAL TORT IMMUNITY APPLIES.

IF THE INTRA-FAMILIAL TORT IMMUNITY DOES NOT APPLY, THIS EXCLUSION (2.) APPLIES ONLY TO THE EXTENT THAT THE LIMITS OF LIABILITY OF THIS COVERAGE EXCEED THE LIMITS OF LIABILITY REQUIRED BY LAW.

3. OR FOR THAT ***INSURED'S*** INSURER FOR ANY OBLIGATION UNDER ANY TYPE OF WORKERS' COMPENSATION, DISABILITY, OR SIMILAR LAW;

4. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** EMPLOYEE WHICH ARISES OUT OF THAT EMPLOYEE'S EMPLOYMENT. This exclusion does not apply to that ***insured's*** household employee who is neither covered, nor required to be covered, under workers' compensation insurance;

5. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** FELLOW EMPLOYEE WHILE THE FELLOW EMPLOYEE IS IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT. This exclusion does not apply to ***you*** and ***resident relatives*** who are legally liable for ***bodily injury*** to fellow employees;

6. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;

7. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS BEING USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to the use of a ***private passenger car*** on a share-the-expense basis;

8. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT *INSURED'S* EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A *CAR BUSINESS*. This exclusion does not apply to:

   a. *you*;

   b. any *resident relative*; or

   c. any agent, employee, or business partner of a. or b. above

   while maintaining or using *your car*, a *newly acquired car*, a *temporary substitute car*, or a *trailer owned by you*;

9. WHILE THAT *INSURED* IS VALET PARKING A VEHICLE;

10. WHILE MAINTAINING OR USING ANY VEHICLE OTHER THAN *YOUR CAR*, A *NEWLY ACQUIRED CAR*, A *TEMPO-RARY SUBSTITUTE CAR*, OR A *TRAILER* IN ANY BUSINESS OR OC-CUPATION OTHER THAN A *CAR BUSI-NESS* OR VALET PARKING. This exclusion does not apply to the maintenance or use of a *private passenger car*;

11. FOR DAMAGE TO PROPERTY WHILE IT IS:

    a. *OWNED BY*;

    b. RENTED TO;

    c. USED BY;

    d. IN THE CARE OF; OR

    e. TRANSPORTED BY

    *YOU*, A *RESIDENT RELATIVE*, OR THE *PERSON* WHO IS LEGALLY LIABLE FOR THE DAMAGE. This exclusion does not apply to either damage to a residence while rented to or leased to an *insured* or damage to a private garage while rented to or leased to an *insured*;

12. FOR LIABILITY ASSUMED UNDER ANY CONTRACT OR AGREEMENT;

13. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE AC-TION;

14. WHILE USING A *TRAILER* WITH A MOTOR VEHICLE IF THAT *INSURED* IS NOT PROVIDED LIABILITY COV-ERAGE BY THIS POLICY FOR THE USE OF THAT MOTOR VEHICLE;

15. FOR THE OWNERSHIP, MAINTE-NANCE, OR USE OF ANY VEHICLE WHILE IT IS:

    a. OFF PUBLIC ROADS AND BEING PREPARED FOR, USED IN PRAC-TICE FOR, OR OPERATED IN ANY PREARRANGED RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

    b. ON A TRACK DESIGNED PRIMAR-ILY FOR RACING OR HIGH SPEED DRIVING. This exclusion (15.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high speed driving, or any type of competitive driving; OR

16. WHO IS AN EMPLOYEE OF THE UNITED STATES OF AMERICA OR ANY OF ITS AGENCIES, IF THE PRO-VISIONS OF THE FEDERAL TORT CLAIMS ACT APPLY.

**If Other Liability Coverage Applies**

1. If Liability Coverage provided by this policy and one or more other Car Policies issued to *you* or any *resident relative* by the *State Farm Companies* apply to the same accident, then:

   a. the Liability Coverage limits of such policies will not be added together to determine the most that may be paid; and

   b. the maximum amount that may be paid from all such policies combined is the

single highest applicable limit provided by any one of the policies. *We* may choose one or more policies from which to make payment.

2. The Liability Coverage provided by this policy applies as primary coverage for the ownership, maintenance, or use of *your car* or a *trailer* attached to it.

The Liability Coverage also applies as primary coverage for the maintenance or use of a *non-owned car* or a *temporary substitute car* that is *owned by* a *person*, firm, or corporation engaged in the business of selling at retail new or used motor vehicles. This applies only while the vehicle is operated by *you* or a *resident relative* if such *person* is neither an owner nor an employee of the owner of the *car*.

a. If:

(1) this is the only Car Policy issued to *you* or any *resident relative* by the *State Farm Companies* that provides Liability Coverage which applies to the accident as primary coverage; and

(2) liability coverage provided by one or more sources other than the *State Farm Companies* also applies as primary coverage for the same accident,

then *we* will pay the proportion of damages payable as primary that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other liability coverage that apply as primary coverage.

b. If:

(1) more than one Car Policy issued to *you* or any *resident relative* by the *State Farm Companies* provides Liability Coverage which applies to the accident as primary coverage; and

(2) liability coverage provided by one or more sources other than the

*State Farm Companies* also applies as primary coverage for the same accident,

then the *State Farm Companies* will pay the proportion of damages payable as primary that the maximum amount that may be paid by the *State Farm Companies* as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as primary coverage.

3. Except as provided in 2. above, the Liability Coverage provided by this policy applies as excess coverage.

a. If:

(1) this is the only Car Policy issued to *you* or any *resident relative* by the *State Farm Companies* that provides Liability Coverage which applies to the accident as excess coverage; and

(2) liability coverage provided by one or more sources other than the *State Farm Companies* also applies as excess coverage for the same accident,

then *we* will pay the proportion of damages payable as excess that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other liability coverage that apply as excess coverage.

b. If:

(1) more than one Car Policy issued to *you* or any *resident relative* by the *State Farm Companies* provides Liability Coverage which applies to the accident as excess coverage; and

(2) liability coverage provided by one or more sources other than the *State Farm Companies* also applies as excess coverage for the same accident,

then the *State Farm Companies* will pay the proportion of damages payable as excess that the maximum amount that may be paid by the *State Farm Companies* as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as excess coverage.

**Required Out-of-State Liability Coverage**

If:

1. an *insured* is in another state of the United States of America, a territory or possession of the United States of America, the District of Columbia, or any province or territory of Canada, and as a nonresident becomes subject to its motor vehicle compulsory insurance law, financial responsibility law, or similar law; and

2. this policy does not provide at least the minimum liability coverage required by such law for such nonresident,

then this policy will be interpreted to provide the minimum liability coverage required by such law.

This provision does not apply to liability coverage required by law for motor carriers of passengers or motor carriers of property.

**Financial Responsibility Certification**

When this policy is certified under any law as proof of future financial responsibility, and while required during the policy period, this policy will comply with such law to the extent required.

## MEDICAL PAYMENTS COVERAGE

This policy provides Medical Payments Coverage if "C" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

*Insured* means:

1. *you* and *resident relatives*:

    a. while *occupying*:

        (1) *your car*;

        (2) a *newly acquired car*;

        (3) a *temporary substitute car*;

        (4) a *non-owned car*; or

        (5) a *trailer* while attached to a *car* described in (1), (2), (3), or (4) above; or

    b. if struck as a *pedestrian* by a motor vehicle or any type of trailer; and

2. any other *person* while *occupying*:

    a. *your car*;

    b. a *newly acquired car*;

    c. a *temporary substitute car*; or

    d. a *trailer* while attached to a *car* described in a., b., or c. above.

    Such vehicle must be used within the scope of *your* consent.

*Medical Expenses* mean *reasonable expenses* for *medical services*.

*Medical Services* mean treatments, procedures, products, and other services that are:

1. necessary to achieve maximum medical improvement for the *bodily injury*;

2. rendered by a healthcare provider:

    a. who is licensed as a healthcare provider if a license is required by law; and

11
9811B

b. within the legally authorized scope of that healthcare provider's practice;

3. commonly and customarily recognized throughout the medical profession and within the United States of America as appropriate for the treatment of the ***bodily injury***;

4. primarily designed to serve a medical purpose;

5. not experimental; and

6. not for research purposes.

***Reasonable Expenses*** mean the lowest one of the following charges:

1. The usual and customary fees charged by a majority of healthcare providers who provide similar ***medical services*** in the geographical area in which the charges were incurred;

2. The fee specified in any fee schedule:

   a. applicable to medical payments coverage, no-fault coverage, or personal injury protection coverage included in motor vehicle liability policies issued in the state where ***medical services*** are provided; and

   b. as prescribed or authorized by the law of the state where ***medical services*** are provided;

3. The fees agreed to by both the ***insured's*** healthcare provider and ***us***; or

4. The fees agreed upon between the ***insured's*** healthcare provider and a third party when ***we*** have a contract with such third party.

**Insuring Agreement**

***We*** will pay:

1. ***medical expenses*** incurred because of ***bodily injury*** that is sustained by an ***insured*** and caused by a motor vehicle accident if:

a. that ***insured*** is first provided ***medical services*** within one year immediately following the date of the accident; and

b. such ***medical expenses*** are for ***medical services*** that are provided within three years immediately following the date of the accident; and

2. funeral expenses incurred for an ***insured*** who dies within three years immediately following the date of a motor vehicle accident if the death is a direct result of ***bodily injury*** sustained in such accident.

**Determining Medical Expenses**

***We*** have the right to:

1. obtain and use:

   a. utilization reviews;

   b. peer reviews; and

   c. medical bill reviews

   to determine if the incurred charges are ***medical expenses***;

2. use a medical examination of the ***insured*** to determine if:

   a. the ***bodily injury*** was caused by a motor vehicle accident; and

   b. the expenses incurred are ***medical expenses***; and

3. enter into a contract with a third party that has an agreement with the ***insured's*** healthcare provider to charge fees as determined by that agreement.

**Limit**

The Medical Payments Coverage limit is shown on the Declarations Page under "Medical Payments Coverage – Limit – Each Person". This limit is the most ***we*** will pay for the ***medical expenses*** and funeral expenses combined, incurred by or on behalf of any one ***insured*** as a result of any one accident, regardless of the number of:

1. ***insureds***;

12
9811B

2. claims made;

3. vehicles insured; or

4. vehicles involved in the accident.

Subject to the limit shown on the Declarations Page, the most *we* will pay for funeral expenses incurred for any one *insured* is $3,000.

**Exclusions**

THERE IS NO COVERAGE FOR AN *INSURED*:

1. WHO IS STRUCK AS A *PEDESTRIAN* BY A MOTOR VEHICLE, *OWNED BY* THAT *INSURED* OR *YOU*, IF IT IS NOT *YOUR CAR* OR A *NEWLY ACQUIRED CAR*;

2. IF ANY WORKERS' COMPENSATION LAW OR ANY SIMILAR LAW APPLIES TO THAT *INSURED'S BODILY INJURY*;

3. WHO IS *OCCUPYING* A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN *INSURED*;

4. WHO IS *OCCUPYING* A VEHICLE WHILE IT IS BEING USED TO CARRY *PERSONS* FOR A CHARGE.  This exclusion does not apply to:

   a. the use of a *private passenger car* on a share-the-expense basis; or

   b. an *insured* while *occupying* a *non-owned car* as a passenger;

5. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT *INSURED'S* EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A *CAR BUSINESS*.  This exclusion does not apply to:

   a. *you*; or

   b. any *resident relative*

   while maintaining or using *your car*, a *newly acquired car*, a *temporary substitute car*, or a *trailer owned by you*;

6. WHILE THAT *INSURED* IS VALET PARKING A VEHICLE;

7. WHILE MAINTAINING OR USING A *NON-OWNED CAR* IN ANY BUSINESS OR OCCUPATION OTHER THAN A *CAR BUSINESS* OR VALET PARKING. This exclusion does not apply to the maintenance or use of a *private passenger car*;

8. WHO IS EITHER *OCCUPYING* OR STRUCK AS A *PEDESTRIAN* BY A VEHICLE THAT IS LOCATED FOR USE AS A DWELLING OR OTHER PREMISES;

9. WHO IS STRUCK AS A *PEDESTRIAN* BY A VEHICLE THAT:

   a. IS DESIGNED FOR USE PRIMARILY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR

   b. RUNS ON RAILS OR CRAWLERTREADS;

10. WHOSE *BODILY INJURY* RESULTS FROM WAR OF ANY KIND;

11. WHOSE *BODILY INJURY* RESULTS FROM:

    a. NUCLEAR REACTION;

    b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR

    c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM,

ANY NUCLEAR OR RADIOAC-
TIVE DEVICE;

12. WHOSE **_BODILY INJURY_** RESULTS
FROM THE DISCHARGE OF A FIRE-
ARM; OR

13. WHO IS **_OCCUPYING_** A VEHICLE
WHILE IT IS:

    a. BEING PREPARED FOR, USED IN
PRACTICE FOR, OR OPERATED IN
ANY PREARRANGED RACING
CONTEST, SPEED CONTEST, HILL-
CLIMBING CONTEST, JUMPING
CONTEST, OR ANY SIMILAR CON-
TEST; OR

    b. ON A TRACK DESIGNED PRIMAR-
ILY FOR RACING OR HIGH SPEED
DRIVING. This exclusion (14.b.) does
not apply if the vehicle is being used in
connection with an activity other than
racing, high speed driving, or any type
of competitive driving.

**If Other Medical Payments Coverage or
Similar Vehicle Insurance Applies**

1. An **_insured_** shall not recover for the same
**_medical expenses_** or funeral expenses un-
der both this coverage and other medical
payments coverage or similar vehicle in-
surance.

2. If Medical Payments Coverage provided
by this policy and one or more other vehi-
cle policies issued to **_you_** or any **_resident
relative_** by the **_State Farm Companies_** ap-
ply to the same **_bodily injury_**, then:

    a. the Medical Payments Coverage limits
of such policies shall not be added to-
gether to determine the most that may
be paid; and

    b. the maximum amount that may be paid
from all such policies combined is the
single highest applicable limit provided
by any one of the policies. **_We_** may
choose one or more policies from which
to make payment.

3. The Medical Payments Coverage provided
by this policy applies as primary coverage
for an **_insured_** who sustains **_bodily injury_**
while **_occupying your car_** or a **_trailer_** at-
tached to it.

The Medical Payments Coverage also ap-
plies as primary coverage for an **_insured_**
who sustains **_bodily injury_** while **_occupy-
ing_** a **_non-owned car_** or a **_temporary sub-
stitute car_** that is **_owned by_** a **_person_**, firm,
or corporation engaged in the business of
selling at retail new or used motor vehi-
cles. This applies only while the vehicle is
operated by **_you_** or a **_resident relative_** if
such **_person_** is neither an owner nor an
employee of the owner of the **_car_**.

    a. If:

        (1) this is the only vehicle policy is-
sued to **_you_** or any **_resident rela-
tive_** by the **_State Farm Companies_**
that provides Medical Payments
Coverage or other similar vehicle
insurance which applies to the ac-
cident as primary coverage; and

        (2) medical payments coverage or other
similar vehicle insurance provided
by one or more sources other than
the **_State Farm Companies_** also ap-
plies as primary coverage for the
same accident,

    then **_we_** will pay the proportion of **_medi-
cal expenses_** and funeral expenses pay-
able as primary that **_our_** applicable limit
bears to the sum of **_our_** applicable limit
and the limits of all other medical pay-
ments coverage or similar vehicle insur-
ance that apply as primary coverage.

    b. If:

        (1) more than one vehicle policy issued
to **_you_** or any **_resident relative_** by
the **_State Farm Companies_** provides
Medical Payments Coverage or
other similar vehicle insurance
which applies to the accident as
primary coverage; and

(2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the *State Farm Companies* also applies as primary coverage for the same accident,

then the *State Farm Companies* will pay the proportion of *medical expenses* and funeral expenses payable as primary that the maximum amount that may be paid by the *State Farm Companies* as determined in 2. above bears to the sum of such amount and the limits of all other medical payments coverage or similar vehicle insurance that apply as primary coverage.

4. Except as provided in 3. above, the Medical Payments Coverage provided by this policy applies as excess coverage.

a. If:

(1) this is the only vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* that provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as excess coverage; and

(2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the *State Farm Companies* also applies as excess coverage for the same accident,

then *we* will pay the proportion of *medical expenses* and funeral expenses payable as excess that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other medical payments coverage or similar

vehicle insurance that apply as excess coverage.

b. If:

(1) more than one vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as excess coverage; and

(2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the *State Farm Companies* also applies as excess coverage for the same accident,

then the *State Farm Companies* will pay the proportion of *medical expenses* and funeral expenses payable as excess that the maximum amount that may be paid by the *State Farm Companies* as determined in 2. above bears to the sum of such amount and the limits of all other medical payments coverage or similar vehicle insurance that apply as excess coverage.

**Our Payment Options**

*We* may, at *our* option, make payment to one or more of the following:

1. The *insured*;

2. The *insured's* surviving spouse;

3. A parent or guardian of the *insured*, if the *insured* is a minor or an incompetent *person*;

4. A *person* authorized by law to receive such payment; or

5. Any *person* or organization that provides the *medical services* or funeral services.

15
9811B

## UNINSURED MOTOR VEHICLE COVERAGE

This policy provides:

1. Uninsured Motor Vehicle Coverage (Excess) if "UE";

2. Uninsured Motor Vehicle Coverage (Difference-In-Limits) if "U"

is shown under "SYMBOLS" on the Declarations Page.

### Additional Definitions

***Insured*** means:

1. ***you***;

2. ***resident relatives***;

3. any other ***person*** while ***occupying***:

    a. ***your car***;

    b. a ***newly acquired car***; or

    c. a ***temporary substitute car***.

    Such vehicle must be used within the scope of ***your*** consent. Such other ***person occupying*** a vehicle used to carry ***persons*** for a charge is not an ***insured***; and

4. any ***person*** entitled to recover compensatory damages as a result of ***bodily injury*** to an ***insured*** as defined in 1., 2., or 3. above.

***Property Damage*** means damage to:

1. ***your car*** or a ***newly acquired car***; or

2. property ***owned by*** an ***insured*** while in ***your car*** or a ***newly acquired car***.

It includes payments made for substitute transportation while ***your car*** or a ***newly acquired car*** is disabled.

***Uninsured Motor Vehicle*** means a land motor vehicle except for one:

1. whose ownership, maintenance, or use is provided Liability Coverage by this policy;

2. ***owned by*** or furnished for the regular use of ***you*** or any ***resident relative***;

3. designed for use primarily off public roads except while on public roads; or

4. while located for use as a dwelling or other premises.

If there is no physical contact between such land motor vehicle and the ***insured*** or the vehicle the ***insured*** is ***occupying***, then the facts of the accident must be corroborated by an eyewitness to the occurrence other than the ***insured*** making the claim.

### Insuring Agreement

***We*** will pay compensatory damages for ***bodily injury*** and ***property damage*** an ***insured*** is legally entitled to recover from the owner or driver of an ***uninsured motor vehicle***.

The ***bodily injury*** and ***property damage*** must be caused by an accident that involves the operation, maintenance, or use of an ***uninsured motor vehicle*** as a motor vehicle. The ***bodily injury*** must be sustained by an ***insured***. ***Property damage*** is payable only in the amount that exceeds the deductible.

### Consent to Be Bound

1. ***We*** are not bound by any:

    a. judgment obtained without ***our*** written consent; and

    b. default judgment against any ***person*** or organization other than ***us***.

2. Regardless of the amount of any award, including any judgment or default judgment, ***we*** are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

### Limits

1. **Uninsured Motor Vehicle Coverage (Excess)**

    a. The Uninsured Motor Vehicle Coverage limits are shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".

16
9811B

(1) The most **we** will pay for all damages resulting from **bodily injury** to any one **insured** injured in any one accident, including all damages sustained by other **insureds** as a result of that **bodily injury**, is the lesser of:

(a) the difference between the amount of the **insured's bodily injury** damages and the sum of all applicable insurance and self-insurance for bodily injury liability; and

(b) the limit shown under "Each Person".

(2) Subject to (1) above, the most **we** will pay for all damages resulting from **bodily injury** to two or more **insureds** injured in the same accident is the limit shown under "Each Accident".

b. The Uninsured Motor Vehicle Coverage limit for **property damage** is shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Property Damage Limit – Each Accident". The most **we** will pay for all **property damage** resulting from any one accident is the lesser of:

(1) the difference between the amount of **property damage** reduced by:

(a) the deductible amount shown on the Declarations Page; and

(b) the sum of all applicable insurance and self-insurance for property damage liability; and

(2) the limit for **property damage**.

c. These Uninsured Motor Vehicle Coverage limits are the most **we** will pay regardless of the number of:

(1) **insureds**;

(2) claims made;

(3) vehicles insured; or

(4) vehicles involved in the accident.

2. **Uninsured Motor Vehicle Coverage (Difference-In-Limits)**

a. The Uninsured Motor Vehicle Coverage limits are shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".

(1) The most **we** will pay for all damages resulting from **bodily injury** to any one **insured** injured in any one accident, including all damages sustained by other **insureds** as a result of that **bodily injury**, is the lesser of:

(a) the difference between the sum of all applicable uninsured motor vehicle coverage limits for **bodily injury** and the sum of all applicable insurance and self-insurance for bodily injury liability;

(b) the difference between the amount of the **insured's bodily injury** damages and the sum of all applicable insurance and self-insurance for bodily injury liability; and

(c) the limit shown under "Each Person".

(2) Subject to (1) above, the most **we** will pay for all damages resulting from **bodily injury** to two or more **insureds** injured in the same accident is the limit shown under "Each Accident".

b. The Uninsured Motor Vehicle Coverage limit for **property damage** is shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Property Damage Limit – Each Accident". The most **we** will pay for all **property damage** resulting from any one accident is the lesser of:

17
9811B

(1) the difference between the sum of all applicable uninsured motor vehicle coverage limits for property damage and the sum of all applicable insurance and self-insurance for property damage liability;

(2) the difference between the amount of **property damage** reduced by:

(a) the deductible amount shown on the Declarations Page; and

(b) the sum of all applicable insurance and self-insurance for property damage liability; and

(3) the limit for **property damage**.

c. These Uninsured Motor Vehicle Coverage limits are the most **we** will pay regardless of the number of:

(1) **insureds**;

(2) claims made;

(3) vehicles insured; or

(4) vehicles involved in the accident.

**Nonduplication**

**We** will not pay under Uninsured Motor Vehicle Coverage any damages:

1. that have already been paid to or for the **insured**:

a. by or on behalf of any **person** or organization who is or may be held legally liable for the **bodily injury** to the **insured**; or

b. for **bodily injury** under Liability Coverage of any policy issued by the **State Farm Companies** to **you** or any **resident relative**;

2. that are paid or payable to or for the **insured** under any workers' compensation law; or

3. that have already been paid as expenses under Medical Payments Coverage of this policy, the medical payments coverage of

any other policy, or other similar vehicle insurance.

4. that are **property damage** paid or payable under any policy of property insurance.

**Exclusions**

THERE IS NO COVERAGE:

1. FOR AN **INSURED** WHO, WITHOUT **OUR** WRITTEN CONSENT, SETTLES WITH ANY **PERSON** OR ORGANIZATION WHO MAY BE LIABLE FOR THE **BODILY INJURY** OR **PROPERTY DAMAGE**. However, an **insured** may, without **our** consent, settle for the available liability limits of an insurance policy providing coverage to the party who may be liable for the **bodily injury** or **property damage**.

2. FOR AN **INSURED** WHOSE **BODILY INJURY** RESULTS FROM THE DISCHARGE OF A FIREARM;

3. TO THE EXTENT IT BENEFITS ANY PROPERTY INSURER;

4. FOR PUNITIVE OR EXEMPLARY DAMAGES; OR

5. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION.

**If Other Uninsured Motor Vehicle Coverage Applies**

1. If uninsured motor vehicle coverage provided by this policy and one or more other policies apply to the same **bodily injury**, then the priority of coverage established by Georgia law applies. Coverage applies in the following order of priority.

a. The policy which provides coverage to the **insured** as a named insured. If the **insured** is a named insured on more than one policy, then the policy applicable to the vehicle occupied by the **insured** has higher priority.

18
9811B

b. The policy which provides coverage to the *insured* as a relative of the named insured.  If the *insured* is provided coverage as a relative on more than one policy, then the policy applicable to the vehicle occupied by the *insured* has higher priority.

c. The policy applicable to the vehicle occupied by the *insured* if the *insured* is not provided coverage as a named insured or a relative on another policy.

2. If uninsured motor vehicle coverage is provided by this policy and one or more other sources on the same level of priority, then *we* will pay the proportion of damages that the applicable limit of this policy bears to the total of all uninsured motor vehicle coverage that applies on the same level of priority.

**Our Payment Options**

*We* may, at *our* option, make payment to one or more of the following:

1. The *insured*;

2. The *insured's* surviving spouse;

3. A parent or guardian of the *insured*, if the *insured* is a minor or an incompetent *person*; or

4. A *person* authorized by law to receive such payment.

## PHYSICAL DAMAGE COVERAGES

The physical damage coverages are Comprehensive Coverage, Collision Coverage, Emergency Road Service Coverage, and Car Rental and Travel Expenses Coverage.

This policy provides:

1. Comprehensive Coverage if "D";

2. Collision Coverage if "G";

3. Emergency Road Service Coverage if "H";

4. Car Rental and Travel Expenses Coverage if "R1"

is shown under "SYMBOLS" on the Declarations Page.

If a deductible applies to Comprehensive Coverage, then it is shown on the Declarations Page.  The deductible that applies to Collision Coverage is shown on the Declarations Page.

**Additional Definitions**

*Covered Vehicle* means:

1. *your car*;

2. a *newly acquired car*;

3. a *temporary substitute car*;

4. a camper that is designed to be mounted on a pickup truck and shown on the Declarations Page;

5. a *non-owned car* while it is:

a. being driven by an *insured*; or

b. in the custody of an *insured* if at the time of the *loss* it is:

(1) not being driven; or

(2) being driven by a *person* other than an *insured* and being *occupied* by an *insured*;

6. a *non-owned trailer* while it is being used by an *insured*; and

7. a *non-owned camper* while it is being used by an *insured*;

including its parts and its equipment that are common to the use of the vehicle as a vehicle. However, parts and equipment of *trailers* and campers must be securely fixed as a permanent part of the *trailer* or camper.

19
9811B

***Daily Rental Charge*** means the sum of:

1. the daily rental rate;
2. mileage charges; and
3. related taxes.

***Insured*** means ***you*** and ***resident relatives***.

***Loss*** means:

1. direct, sudden, and accidental damage to; or
2. total or partial theft of

a ***covered vehicle***.

***Loss Caused By Collision*** means a ***loss*** caused by:

1. a ***covered vehicle*** hitting or being hit by another vehicle or another object; or
2. the overturning of a ***covered vehicle***.

Any ***loss*** caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal is not a ***Loss Caused By Collision***.

***Non-Owned Camper*** means a camper designed to be mounted on a pickup truck that is in the lawful possession of an ***insured*** and that neither:

1. is ***owned by***:
   a. an ***insured***;
   b. any other ***person*** who resides primarily in ***your*** household; or
   c. an employer of any ***person*** described in a. or b. above; nor
2. has been used by, rented by, or in the possession of an ***insured*** during any part of each of the 31 or more consecutive days immediately prior to the date of the ***loss***.

***Non-Owned Trailer*** means a ***trailer*** that is in the lawful possession of an ***insured*** and that neither:

1. is ***owned by***:
   a. an ***insured***;

b. any other ***person*** who resides primarily in ***your*** household; or

c. an employer of any ***person*** described in a. or b. above; nor

2. has been used by, or in the possession of an ***insured*** during any part of each of the 31 or more consecutive days immediately prior to the date of the ***loss***.

**Insuring Agreements**

**1. Comprehensive Coverage**

***We*** will pay:

a. for ***loss***, except ***loss caused by collision***, to a ***covered vehicle***; and

b. transportation expenses incurred by an ***insured*** as a result of the total theft of ***your car*** or a ***newly acquired car***. These transportation expenses are payable:

(1) during the period that:

(a) starts on the date ***you*** report the theft to ***us***; and

(b) ends on the earliest of:

(i) the date the vehicle is returned to ***your*** possession in a drivable condition;

(ii) the date ***we*** offer to pay for the ***loss*** if the vehicle has not yet been recovered; or

(iii) the date ***we*** offer to pay for the ***loss*** if the vehicle is recovered, but is a total loss as determined by ***us***; and

(2) during the period that:

(a) starts on the date the vehicle is left at a repair facility if the stolen vehicle is recovered, returned to ***your*** possession in a drivable condition, and has unrepaired damage that resulted from the total theft; and

20
9811B

(b) ends on the date the vehicle is repaired.

These transportation expenses must be reported to *us* before *we* will pay such incurred expenses.

**2. Collision Coverage**

*We* will pay for *loss caused by collision* to a *covered vehicle*.

**3. Emergency Road Service Coverage**

*We* will pay the fair cost incurred by an *insured* for:

a. up to one hour of labor to repair a *covered vehicle* at the place of its breakdown;

b. towing to the nearest repair facility where necessary repairs can be made if a *covered vehicle* is not drivable;

c. towing a *covered vehicle* out of a location where it is stuck if the vehicle is on or immediately next to a public road;

d. delivery of gas, oil, battery, or tire necessary to return a *covered vehicle* to driving condition. *We* do not pay the cost of the gas, oil, battery, or tire; and

e. up to one hour of labor for locksmith services to unlock a *covered vehicle* if its key is lost, stolen, or locked inside the vehicle.

**4. Car Rental and Travel Expenses Coverage**

**a. Car Rental Expense**

*We* will pay the *daily rental charge* incurred when *you* rent a *car* from a *car business* while *your car* or a *newly acquired car* is:

(1) not drivable; or

(2) being repaired

as a result of a *loss* which would be payable under Comprehensive Coverage or Collision Coverage.

*We* will pay this *daily rental charge* incurred during a period that:

(1) starts on the date:

(a) the vehicle is not drivable as a result of the *loss*; or

(b) the vehicle is left at a repair facility if the vehicle is drivable; and

(2) ends on the earliest of:

(a) the date the vehicle has been repaired or replaced;

(b) the date *we* offer to pay for the *loss* if the vehicle is repairable but *you* choose to delay repairs; or

(c) five days after *we* offer to pay for the *loss* if the vehicle is:

(i) a total loss as determined by *us*; or

(ii) stolen and not recovered.

The amount of any such *daily rental charge* incurred by *you* must be reported to *us* before *we* will pay such amount.

**b. Travel Expenses**

*We* will pay expenses for commercial transportation, lodging, and meals if *your car* or a *newly acquired car* is not drivable as a result of a *loss* which would be payable under Comprehensive Coverage or Collision Coverage. The *loss* must occur more than 50 miles from *your* home. *We* will only pay these expenses if they are incurred by:

(1) an *insured* during the period that:

(a) starts after the *loss* occurs; and

(b) ends on the earlier of:

(i) the *insured's* arrival at his or her destination or home if the vehicle is left behind for repairs; or

(ii) the repair of the vehicle if the *insured* waits for repairs before continuing on to his or her destination or returning home; and

(2) *you*, or any *person you* choose, to travel to retrieve the vehicle and drive it to either the original destination or *your* home if the vehicle was left behind for repairs.

These expenses must be reported to *us* before *we* will pay such incurred expenses.

**c. Rental Car – Repayment of Deductible Expense**

*We* will pay the comprehensive deductible or collision deductible an *insured* is required to pay the owner of a *car* rented from a *car business*.

**Supplementary Payments – Comprehensive Coverage and Collision Coverage**

If the *covered vehicle* sustains *loss* for which *we* make a payment under Comprehensive Coverage or Collision Coverage, then *we* will pay reasonable expenses incurred to:

1. tow the *covered vehicle* immediately after the *loss*:

   a. for a reasonable distance from the location of the *loss* to any one repair facility chosen by an *insured* or the owner of the *covered vehicle*, if the *covered vehicle* is not drivable; or

   b. to any one repair facility or commercial storage facility, neither of which was chosen by an *insured* or the owner of the *covered vehicle*. *We* will also pay reasonable expenses incurred to tow the *covered vehicle* for a reasonable distance from this facility to any one repair facility chosen by an *insured* or the owner of the *covered vehicle*, if the *covered vehicle* is not drivable;

2. store the *covered vehicle*, if it is not drivable immediately after the *loss*, at:

   a. any one repair facility or commercial storage facility, neither of which was chosen by an *insured* or the owner of the *covered vehicle*; and

   b. any one repair facility chosen by the owner of the *covered vehicle*, and *we* determine such vehicle is a total loss.

   If the owner of the *covered vehicle* consents, then *we* may move the *covered vehicle* at *our* expense to reduce storage costs. If the owner of the *covered vehicle* does not consent, then *we* will pay only the storage costs that would have resulted if *we* had moved the damaged *covered vehicle*; and

3. clean up debris from the *covered vehicle* at the location of the *loss*. The most *we* will pay to clean up the debris is $250 for any one *loss*.

**Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage**

1. *We* have the right to choose to settle with *you* or the owner of the *covered vehicle* in one of the following ways:

   a. Pay the cost to repair the *covered vehicle* minus any applicable deductible.

      (1) *We* have the right to choose one of the following to determine the cost to repair the *covered vehicle*:

         (a) The cost agreed to by both the owner of the *covered vehicle* and *us*;

         (b) A bid or repair estimate approved by *us*; or

         (c) A repair estimate that is written based upon or adjusted to:

            (i) the prevailing competitive price;

(ii) the lower of paintless dent repair pricing established by an agreement *we* have with a third party or the paintless dent repair price that is competitive in the market; or

(iii) a combination of (i) and (ii) above.

The prevailing competitive price means prices charged by a majority of the repair market in the area where the *covered vehicle* is to be repaired as determined by a survey made by *us*. If asked, *we* will identify some facilities that will perform the repairs at the prevailing competitive price. The estimate will include parts sufficient to restore the *covered vehicle* to its pre-loss condition.

*You* agree with *us* that the repair estimate may include new, used, recycled, and reconditioned parts. Any of these parts may be either original equipment manufacturer parts or non-original equipment manufacturer parts.

*You* also agree that replacement glass need not have any insignia, logo, trademark, etching, or other marking that was on the replaced glass.

(2) If the repair or replacement of a part results in betterment of that part, then *you* or the owner of the *covered vehicle* must pay for the amount of the betterment.

(3) If *you* and *we* agree, then windshield glass will be repaired instead of replaced;

b. Pay the actual cash value of the *covered vehicle* minus any applicable deductible.

(1) The owner of the *covered vehicle* and *we* must agree upon the actual cash value of the *covered vehicle*. If there is disagreement as to the actual cash value of the *covered vehicle*, then the disagreement will be resolved by appraisal upon written request of the owner or *us*, using the following procedures:

(a) The owner and *we* will each select a competent appraiser.

(b) The two appraisers will select a third competent appraiser. If they are unable to agree on a third appraiser within 30 days, then either the owner or *we* may petition a court that has jurisdiction to select the third appraiser.

(c) Each party will pay the cost of its own appraiser, attorneys, and expert witnesses, as well as any other expenses incurred by that party. Both parties will share equally the cost of the third appraiser.

(d) The appraisers shall only determine the actual cash value of the *covered vehicle*. Appraisers shall have no authority to decide any other questions of fact, decide any questions of law, or conduct appraisal on a class-wide or class-representative basis.

(e) A written appraisal that is both agreed upon by and signed by any two appraisers, and that also contains an explanation of how they arrived at their appraisal, will be binding on the owner of the *covered vehicle* and *us*.

23
9811B

(f) *We* do not waive any of *our* rights by submitting to an appraisal.

(2) The damaged *covered vehicle* must be given to *us* in exchange for *our* payment, unless *we* agree that the owner may keep it. If the owner keeps the *covered vehicle*, then *our* payment will be reduced by the value of the *covered vehicle* after the *loss*; or

c. Return the stolen *covered vehicle* to its owner and pay, as described in 1.a. above, for any direct, sudden, and accidental damage that resulted from the theft.

2. The most *we* will pay for transportation expenses under Comprehensive Coverage is $25 per day subject to an aggregate limit of $750 per *loss*.

3. The most *we* will pay for *loss* to a *non-owned trailer* or a *non-owned camper* is $2,500.

**Limits – Car Rental and Travel Expenses Coverage**

**1. Car Rental Expense**

The limit for Car Rental Expense is shown on the Declarations Page under "Limit – Car Rental Expense – Each Day, Each Loss".

a. The limit shown under "Each Day" is the most *we* will pay for the *daily rental charge*. If:

(1) a dollar amount is shown, then *we* will pay the *daily rental charge* up to that dollar amount;

(2) a percentage amount is shown, then *we* will pay that percentage of the *daily rental charge*.

b. Subject to the "Each Day" limit, the limit shown under "Each Loss" is the most *we* will pay for Car Rental Expense incurred as a result of any one *loss*.

**2. Travel Expenses**

The most *we* will pay for Travel Expenses incurred by all *insureds* as a result of any one *loss* is $500.

**3. Rental Car – Repayment of Deductible Expense**

The most *we* will pay for Rental Car – Repayment of Deductible Expense incurred as a result of any one *loss* is $500.

**Nonduplication**

*We* will not pay for any *loss* or expense under the Physical Damage Coverages for which the *insured* or owner of the *covered vehicle* has already received payment from, or on behalf of, a party who is legally liable for the *loss* or expense.

**Exclusions**

THERE IS NO COVERAGE FOR:

1. ANY *COVERED VEHICLE* THAT IS:

a. INTENTIONALLY DAMAGED; OR

b. STOLEN

BY OR AT THE DIRECTION OF AN *INSURED*;

2. ANY *COVERED VEHICLE* WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN *INSURED*;

3. ANY *COVERED VEHICLE* WHILE IT IS USED TO CARRY *PERSONS* FOR A CHARGE. This exclusion does not apply to the use of a *private passenger car* on a share-the-expense basis;

4. ANY *COVERED VEHICLE* DUE TO:

a. THEFT;

b. CONVERSION;

c. EMBEZZLEMENT; OR

d. SECRETION

BY AN *INSURED*, A CONSIGNEE, AN AGENT OF A CONSIGNEE, OR A *PERSON* WHO OBTAINS POSSESSION OF

THE **COVERED VEHICLE** WITH THE PERMISSION OF A CONSIGNEE OR AGENT OF A CONSIGNEE;

5. **LOSS** TO **YOUR CAR** OR A **NEWLY ACQUIRED CAR** IF AN **INSURED** VOLUNTARILY RELINQUISHES POSSESSION OF THAT **CAR** TO A **PERSON** OR ORGANIZATION UNDER AN ACTUAL OR PRESUMED SALES AGREEMENT;

6. ANY **COVERED VEHICLE** TO THE EXTENT **OUR** PAYMENT WOULD BENEFIT ANY CARRIER OR OTHER BAILEE FOR HIRE THAT IS LIABLE FOR **LOSS** TO SUCH **COVERED VEHICLE**;

7. **LOSS** TO ANY **COVERED VEHICLE** THAT RESULTS FROM:

    a. NUCLEAR REACTION;

    b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR

    c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;

8. **LOSS** TO ANY **COVERED VEHICLE** THAT RESULTS FROM THE LEGAL TAKING OF OR SEIZURE OF THAT **COVERED VEHICLE** BY ANY GOVERNMENTAL AUTHORITY;

9. **LOSS** TO ANY **COVERED VEHICLE** THAT RESULTS FROM WAR OF ANY KIND;

10. **YOUR CAR** WHILE SUBJECT TO ANY:

    a. LIEN AGREEMENT;

    b. RENTAL AGREEMENT;

    c. LEASE AGREEMENT; OR

    d. SALES AGREEMENT

NOT SHOWN ON THE DECLARATIONS PAGE;

11. ANY **NON-OWNED CAR** WHILE IT IS:

    a. BEING MAINTAINED OR USED BY ANY **PERSON** WHILE THAT **PERSON** IS EMPLOYED IN OR ENGAGED IN ANY WAY IN A **CAR BUSINESS**; OR

    b. USED IN ANY BUSINESS OR OCCUPATION OTHER THAN A **CAR BUSINESS**.  This exclusion (11.b.) does not apply to a **private passenger car**;

12. ANY PART OR EQUIPMENT OF A **COVERED VEHICLE** IF THAT PART OR EQUIPMENT:

    a. FAILS OR IS DEFECTIVE; OR

    b. IS DAMAGED AS A DIRECT RESULT OF:

        (1) WEAR AND TEAR;

        (2) FREEZING; OR

        (3) MECHANICAL, ELECTRICAL, OR ELECTRONIC BREAKDOWN OR MALFUNCTION

    OF THAT PART OR EQUIPMENT.

    This exclusion does not apply if the **loss** is the result of theft of the **covered vehicle**;

13. ANY PART OR EQUIPMENT:

    a. THAT IS NOT LEGAL FOR USE IN OR ON THE **COVERED VEHICLE** IN THE JURISDICTION WHERE THE **COVERED VEHICLE** IS REGISTERED; OR

    b. THE USE OF WHICH IS NOT LEGAL IN THE JURISDICTION WHERE THE **COVERED VEHICLE** IS REGISTERED BECAUSE OF HOW OR WHERE THAT PART OR EQUIPMENT IS INSTALLED IN OR ON THE **COVERED VEHICLE**.

However, if there is a legal version of the part or equipment that is necessary for the safe operation of the **covered vehicle**, then **we** will pay the cost that **we** would otherwise have paid to repair the vehicle with the legal version of the part or equipment. **We** will not pay any cost necessary to modify the vehicle for installation of the legal version of the part or equipment;

14. TIRES.  This exclusion does not apply if:

   a. **loss** is caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal; or

   b. **loss caused by collision** to another part of the **covered vehicle** causes **loss** to tires;

15. REMOVABLE PRODUCTS USED FOR STORAGE OF AUDIO, VIDEO, OR OTHER DATA, INCLUDING BUT NOT LIMITED TO TAPES, DISCS, AND MEMORY CARDS, NOR IS THERE COVERAGE FOR THE RECONSTRUCTION OF DATA CONTAINED THEREIN;

16. ANY EQUIPMENT USED TO DETECT OR INTERFERE WITH SPEED MEASURING DEVICES;

17. A CAMPER, INCLUDING ITS PARTS AND ITS EQUIPMENT, THAT IS:

   a. DESIGNED TO BE MOUNTED ON A PICKUP TRUCK;

   b. **OWNED BY** AN **INSURED**; AND

   c. NOT SHOWN ON THE DECLARATIONS PAGE; OR

18. ANY **COVERED VEHICLE** WHILE IT IS:

   a. BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

   b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING.  This exclusion (18.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high speed driving, or any type of competitive driving.

**If Other Physical Damage Coverage or Similar Coverage Applies**

1. If the same **loss** or expense is payable under more than one of the physical damage coverages provided by this policy, then only the one coverage that pays the most for that **loss** or expense applies.

2. If any of the physical damage coverages provided by this policy and one or more other policies issued to an **insured** by the **State Farm Companies** apply to the same **loss** or expense, then only one policy applies. **We** will select a policy that pays the most for the **loss** or expense.

3. The physical damage coverages provided by this policy apply as primary coverage for a **loss** to **your car**.

   The Physical Damage Coverages also apply as primary coverage for the maintenance or use of a **non-owned car** or a **temporary substitute car** that is **owned by** a **person**, firm, or corporation engaged in the business of selling at retail new or used motor vehicles.  This applies only while the vehicle is operated by an **insured** if such **person** is neither an owner nor an employee of the owner of the **car**.

If similar coverage provided by one or more sources other than the **State Farm Companies** also applies as primary coverage for the same **loss** or expense, then the **State Farm Companies** will pay the proportion of the **loss** or expense payable as primary that the maximum amount that may be paid by the **State Farm Companies** bears to the sum of such amount and the limits of all other similar coverage that applies as primary coverage.

4. Except as provided in 3. above, the physical damage coverages provided by this policy apply as excess coverage.

   If similar coverage provided by one or more sources other than the **State Farm Companies** also applies as excess coverage for the same **loss** or expense, then the **State Farm Companies** will pay the proportion of the **loss** or expense payable as excess that the maximum amount that may be paid by the **State Farm Companies** bears to the sum of such amount and the limits of all other similar coverage that applies as excess coverage.

**Financed Vehicle**

1. If a creditor is shown on the Declarations Page, then any Comprehensive Coverage or Collision Coverage provided by this policy applies to that creditor's interest in **your car**. Coverage for the creditor's interest is only provided for a **loss** that is payable to **you**.

   However, if this policy is cancelled or nonrenewed, then **we** will provide coverage for the creditor's interest until **we** notify the creditor of the termination of such coverage. This coverage for the creditor's interest is only provided for a **loss** that would have been payable to **you** if this policy had not been cancelled or nonrenewed. The date such termination is effective will be at least 10 days after the date **we** mail or electronically transmit a notice of the termination to the creditor.

2. If **we** pay such creditor, then **we** are entitled to the creditor's right of recovery against **you** to the extent of **our** payment. **Our** right of recovery does not impair the creditor's right to recover the full amount of its claim.

**Our Payment Options**

1. **Comprehensive Coverage and Collision Coverage**

   a. **We** may, at **our** option, make payment to one or more of the following for **loss** to a **covered vehicle owned by you**:

      (1) **You**;

      (2) The repairer; or

      (3) A creditor shown on the Declarations Page, to the extent of its interest.

   b. **We** may, at **our** option, make payment to one or more of the following for **loss** to a **covered vehicle** not **owned by you**:

      (1) **You**;

      (2) The owner of such vehicle;

      (3) The repairer; or

      (4) A creditor, to the extent of its interest.

2. **Emergency Road Service Coverage and Car Rental and Travel Expenses Coverage**

   **We** may, at **our** option, make payment to one or more of the following:

   a. **You**;

   b. The **insured** who incurred the expense; or

   c. Any party that provided the service for which payment is owed.

**DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE**
**AND LOSS OF EARNINGS COVERAGE**

## DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE

This policy provides Death, Dismemberment and Loss of Sight Coverage if "S" is shown under "SYMBOLS" on the Declarations Page.

### Additional Definition

**Insured** means a **person** whose name is shown under "Death, Dismemberment and Loss of Sight Coverage – Persons Insured" on the Declarations Page.

### Insuring Agreement

**We** will pay the highest applicable benefit shown in the following Death, Dismemberment and Loss of Sight Benefits Schedules if an **insured**:

1. dies; or

2. suffers dismemberment or permanent loss of sight, as described in the schedule

as the direct result of an accident that involves the use of a land motor vehicle or any type of trailer as a vehicle and not due to any other cause.

The **insured** must be **occupying** or be struck as a **pedestrian** by a land motor vehicle or any type of trailer at the time of the accident. The death, dismemberment, or permanent loss of sight must occur within 90 days immediately following the date of the accident.

### Benefit

The applicable benefit shown in the schedule is the most **we** will pay for any one **insured** in any one accident. Any benefit paid or payable for dismemberment or permanent loss of sight reduces the death benefit.

## DEATH, DISMEMBERMENT AND LOSS OF SIGHT BENEFITS SCHEDULES

| If the amount shown on the Declarations Page for the **insured** is $5,000, then **we** will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight: | |
|---|---|
| Death | $5,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand and one foot; or one hand or one foot and all sight of one eye | $5,000 |
| Loss of one hand or one foot; or all sight of one eye | $2,500 |
| Loss of the thumb and a finger on one hand; or any three fingers | $1,500 |
| Loss of any two fingers | $1,000 |
| The hand must be cut off through or above the wrist. The foot must be cut off through or above the ankle. The whole thumb or finger must be cut off. | |

| If the amount shown on the Declarations Page for the **insured** is $10,000, then **we** will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight: | |
|---|---|
| Death | $10,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand and one foot; or one hand or one foot and all sight of one eye | $10,000 |
| Loss of one hand or one foot; or all sight of one eye | $5,000 |
| Loss of the thumb and a finger on one hand; or any three fingers | $3,000 |
| Loss of any two fingers | $2,000 |
| The hand must be cut off through or above the wrist. The foot must be cut off through or above the ankle. The whole thumb or finger must be cut off. | |

28
9811B

The benefits shown in the schedules are doubled for an *insured* who at the time of the accident was *occupying* a *private passenger car* and using a seat belt in the manner recommended by the vehicle's manufacturer.

## LOSS OF EARNINGS COVERAGE

This policy provides Loss of Earnings Coverage if "Z" is shown under "SYMBOLS" on the Declarations Page.

### Additional Definitions

*Insured* means a *person* whose name is shown under "Loss of Earnings Coverage – Persons Insured" on the Declarations Page.

*Total Disability* means the *insured's* inability to work, either full or part time, in his or her occupation or any other similar occupation for which he or she is reasonably fitted by education, training, or experience.

*Weekly Earnings* means 85% of all earnings for the *insured's* services before any deductions. When *weekly earnings* cannot be determined on a weekly basis an average will be used. The average is 85% of the total earnings for the 52 weeks just prior to the accident divided by 52.

### Insuring Agreement

*We* will pay the *insured* his or her loss of *weekly earnings*, which occur while the *insured* is living, due to continuous *total disability* that:

1. is the direct result of *bodily injury* caused by an accident that involves the use of a land motor vehicle or any type of trailer as a vehicle and not due to any other cause. At the time of the accident, the *insured* must be *occupying* or be struck as a *pedestrian* by a land motor vehicle or any type of trailer; and

2. starts within 20 days immediately following the date of the accident and lasts for a period of at least 30 consecutive days. *We* will not pay for the first seven days of the 30 day period.

### Limit

The most *we* will pay any one *insured* is:

1. $250 for each full workweek of *total disability*; and

2. a pro rata portion of $250 for less than a full workweek of *total disability*.

Subject to the workweek limit, the most *we* will pay any one *insured* for all loss of *weekly earnings* due to any one accident is $15,000.

*We* will pay once every two weeks the *insured's* loss of *weekly earnings* owed.

### Exclusions – Death, Dismemberment and Loss of Sight Coverage, and Loss of Earnings Coverage

DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE, AND LOSS OF EARNINGS COVERAGE DO NOT APPLY TO AN *INSURED*:

1. WHILE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN A *CAR BUSINESS*;

2. WHILE *OCCUPYING*, LOADING, OR UNLOADING:

   a. AN EMERGENCY VEHICLE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT;

   b. A VEHICLE, OTHER THAN AN EMERGENCY VEHICLE, WHILE USED IN THE:

      (1) *INSURED'S* BUSINESS; OR

      (2) COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN OTHER THAN A *CAR BUSINESS*.

      This exclusion (2.b.) does not apply if the vehicle is a *private passenger car*;

   c. A MILITARY VEHICLE; OR

   d. A VEHICLE WHILE IT IS:

(1) BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY PREARRANGED RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

(2) ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING. This exclusion (2.d.(2)) does not apply if the vehicle is being used in connection with an activity other than racing, high speed driving, or any type of competitive driving;

3. WHILE **OCCUPYING**, LOADING, UNLOADING, OR WHO IS STRUCK AS A **PEDESTRIAN** BY:

   a. A MOTOR VEHICLE THAT RUNS ON RAILS OR CRAWLER-TREADS;

   b. A MOTOR VEHICLE THAT IS DESIGNED FOR USE PRIMARILY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR

   c. A MOTOR VEHICLE OR ANY TYPE OF TRAILER, EITHER OF WHICH IS LOCATED FOR USE AS A DWELLING OR OTHER PREMISES; OR

4. FOR DEATH, DISMEMBERMENT, LOSS OF SIGHT, OR **TOTAL DISABILITY** THAT RESULTS FROM:

a. WAR OF ANY KIND;

b. NUCLEAR REACTION, RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE, OR THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;

c. THE DISCHARGE OF A FIREARM;

d. SUICIDE OR ATTEMPTED SUICIDE REGARDLESS OF WHETHER THE **INSURED** WAS SANE OR INSANE; OR

e. DISEASE except pus-forming infection due to **bodily injury** sustained in the accident.

**Our Payment Options – Death, Dismemberment and Loss of Sight Coverage, and Loss of Earnings Coverage**

**We** may, at **our** option, make payment to one or more of the following:

1. The **insured**;

2. The **insured's** surviving spouse;

3. A parent or guardian of the **insured**, if the **insured** is a minor or an incompetent **person**; or

4. A **person** or organization authorized by law to receive such payment.

### INSURED'S DUTIES

1. **Notice to Us of an Accident or Loss**

   a. The **insured** must give **us** or one of **our** agents notice of the accident or **loss** as soon as reasonably possible. The notice must give **us**:

      (1) **your** name;

      (2) the names and addresses of all **persons** involved in the accident or **loss**;

      (3) the hour, date, place, and facts of the accident or **loss**; and

      (4) the names and addresses of witnesses to the accident or **loss**.

b. Notice of an accident may be submitted by a *person* making claim against the *insured* if:

   (1) the *insured* has not reported the accident within 30 days immediately following the date of the accident; and

   (2) the notice is sent by registered mail.

**2. Notice to Us of a Claim or Lawsuit**

a. If a claim is made against an *insured*, then that *insured* must immediately send *us* every demand, notice, and claim received.

b. If a lawsuit is filed against an *insured*, then that *insured* must immediately send *us* every summons and legal process received.

**3. Insured's Duty to Cooperate With Us**

a. The *insured* must cooperate with *us* and, when asked, assist *us* in:

   (1) making settlements;

   (2) securing and giving evidence; and

   (3) attending, and getting witnesses to attend, depositions, hearings, and trials.

b. The *insured* must not, except at his or her own cost, voluntarily:

   (1) make any payment to others; or

   (2) assume any obligation to others

   unless authorized by the terms of this policy.

c. Any *person* or organization making claim under this policy must, when *we* require, give *us* proof of loss on forms *we* furnish.

**4. Questioning Under Oath**

Under:

a. Liability Coverage, each *insured*;

b. Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, or Loss of Earnings Coverage, each *insured*, or any other *person* or organization making claim or seeking payment; and

c. Physical Damage Coverages, each *insured* or owner of a *covered vehicle*, or any other *person* or organization making claim or seeking payment;

must, at *our* option, submit to an examination under oath, provide a statement under oath, or do both, as reasonably often as *we* require. Such *person* or organization must answer questions under oath, asked by anyone *we* name, and sign copies of the answers. *We* may require each *person* or organization answering questions under oath to answer the questions with only that *person's* or organization's legal representative, *our* representatives, any *person* or *persons* designated by *us* to record the questions and answers, and no other *person* present.

**5. Other Duties Under the Physical Damage Coverages**

When there is a *loss*, *you* or the owner of the *covered vehicle* must:

a. protect the *covered vehicle* from additional damage. *We* will pay any reasonable expense incurred to do so that is reported to *us*;

b. make a prompt report to the police when the *loss* is the result of theft;

c. allow *us* to:

   (1) inspect any damaged property before its repair or disposal;

   (2) test any part or equipment before that part or equipment is removed or repaired; and

31
9811B

(3) move the **covered vehicle** at **our** expense in order to conduct such inspection or testing;

d.  provide **us** all:

  (1) records;

  (2) receipts; and

  (3) invoices

  that **we** request and allow **us** to make copies; and

e.  not abandon the **covered vehicle** to **us**.

**6.  Other Duties Under Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, and Loss of Earnings Coverage**

A **person** making claim under:

a.  Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, or Loss of Earnings Coverage must:

  (1) notify **us** of the claim and give **us** all the details about the death, injury, treatment, and other information that **we** may need as soon as reasonably possible after the injured **insured** is first examined or treated for the injury. If the **insured** is unable to give **us** notice, then any other **person** may give **us** the required notice;

  (2) be examined as reasonably often as **we** may require by physicians chosen and paid by **us**. A copy of the report will be sent to the **person** upon written request;

  (3) provide written authorization for **us** to obtain:

    (a) medical bills;

    (b) medical records;

(c) wage, salary, and employment information; and

(d) any other information **we** deem necessary to substantiate the claim.

If an injured **insured** is a minor, unable to act, or dead, then his or her legal representative must provide **us** with the written authorization.

If the holder of the information refuses to provide it to **us** despite the authorization, then at **our** request the **person** making claim or his or her legal representative must obtain the information and promptly provide it to **us**; and

  (4) allow **us** to inspect the vehicle that the **insured occupied** in the accident;

b.  Uninsured Motor Vehicle Coverage must:

  (1) report an accident, involving a motor vehicle whose owner and driver remain unknown, to the police within 24 hours if the accident resulted in **bodily injury** and within 10 days otherwise, and to **us** within 30 days;

  (2) send **us** immediately a copy of all lawsuit papers if the **insured** files a lawsuit against the party liable for the accident; and

  (3) if making a claim for **property damage**:

    (a) allow **us** to:

      (i) inspect any **property damage** before its repair or disposal;

      (ii) test any part or equipment before that part or equipment is removed or repaired; and

(iii) move the damaged property at ***our*** expense in order to conduct such inspection or testing; and

(b) protect the damaged property from additional damage. ***We*** will pay any reasonable expense incurred to do so that is reported to ***us***;

(c) provide ***us*** all:

   (i) records;

   (ii) receipts; and

   (iii) invoices

that ***we*** request and allow ***us*** to make copies;

(d) not abandon the damaged property to ***us***; and

(e) give ***us*** sworn proof of claim within 60 days of the accident. This proof of claim must state:

   (i) who owns the property and how much they own;

   (ii) the amount of any claims or liens on the property;

   (iii) the value of the property at the time of the accident;

   (iv) details of the accident; and

   (v) details of any other insurance applicable to the property; and

c. Loss of Earnings Coverage must:

(1) make a claim under this policy;

(2) report to ***us*** when that ***person*** has a ***total disability***; and

(3) provide proof of continued ***total disability*** when ***we*** ask for it.

## GENERAL TERMS

**1. When Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and ***losses*** that occur during the policy period. The policy period is shown on the Declarations Page and is for successive periods of six months each for which the renewal premium is paid. The policy period begins and ends at 12:01 AM Standard Time at the address shown on the Declarations Page.

**2. Where Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and ***losses*** that occur:

a. in the United States of America and its territories and possessions;

b. in Canada; and

c. while a vehicle for which coverage is provided by this policy is being shipped between the ports of the United States of America, its territories, its possessions, and Canada.

**3. Newly Owned or Newly Leased Car**

If ***you*** want to insure a ***car*** newly ***owned by you*** with the ***State Farm Companies*** after that ***car*** ceases to be a ***newly acquired car***, then ***you*** must either:

a. request ***we*** replace the ***car*** currently shown on the Declarations Page of this policy with the ***car*** newly ***owned by you*** and pay ***us*** any added amount due. If ***you*** make such request while this policy is in force and:

(1) before the *car* newly ***owned by you*** ceases to be a ***newly acquired car***, then that *car* newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date the *car* newly ***owned by you*** is delivered to ***you***. The added amount due will be calculated based on that date; or

(2) after the *car* newly ***owned by you*** ceases to be a ***newly acquired car***, then that *car* newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date and time ***you*** make the request. The added amount due will be calculated based on that date; or

b. apply to the ***State Farm Companies*** for a separate policy to insure the *car* newly ***owned by you***. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of the application.

**4.  Changes to This Policy**

**a.  Changes in Policy Provisions**

***We*** may only change the provisions of this policy by:

(1) issuing a revised policy booklet, a revised Declarations Page, or an endorsement; or

(2) revising this policy to give broader coverage without an additional premium charge. If any coverage provided by this policy is changed to give broader coverage, then ***we*** will give ***you*** the broader coverage as of the date ***we*** make the change effective in the state of Georgia without issuing a revised policy booklet, a revised Declarations Page, or an endorsement.

**b.  Change of Interest**

(1) No change of interest in this policy is effective unless ***we*** consent in writing.

(2) Except under Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage, if a named insured shown on the Declarations Page dies, then the definition of ***insured*** under each of the coverages provided by this policy is changed to include:

(a) any ***person*** with lawful custody of ***your car***, a ***newly acquired car***, or a ***temporary substitute car*** until a legal representative is qualified; and then

(b) the legal representative of the deceased named insured.

This only applies while such ***person*** is maintaining or using ***your car***, a ***newly acquired car***, or a ***temporary substitute car***.

Policy notice requirements are met by mailing the notice to the most recent policy address that ***we*** have on record for the deceased named insured.

**c.  Joint and Individual Interests**

If ***you*** consists of more than one ***person*** or entity, then each acts for all to change or cancel the policy.

**d.  Change of Policy Address**

***We*** may change the named insured's policy address as shown on the Declarations Page and in ***our*** records to the most recent address provided to ***us*** by:

(1) ***you***; or

(2) the United States Postal Service.

**5.  Premium**

a.  Unless as otherwise provided by an alternative payment plan in effect with the **State Farm Companies** with respect to the premium for this policy, the premium is due and payable in full on or before the first day of the policy period shown on the most recently issued Declarations Page or Renewal Notice.

b.  The renewal premium for this policy will be based upon the rates in effect, the coverages carried, the applicable limits, deductibles, and other elements that affect the premium that apply at the time of renewal.

c.  The premium for this policy may vary based upon the purchase of other insurance from the **State Farm Companies**.

d.  The premium for this policy is based upon information *we* have received from *you* or other sources. *You* must inform *us* if any information regarding the following is incorrect or incomplete, or changes during the policy period, and *you* must answer questions *we* ask regarding the following:

(1)  *Your car*, or its use, including annual mileage;

(2)  The *persons* who regularly drive *your car*, including newly licensed family members;

(3)  *Your* marital status; or

(4)  The location where *your car* is primarily garaged.

If the above information or any other information used to determine the premium is incorrect, incomplete, changes during the policy period, or is not provided to *us* when *we* ask, then *we* may decrease or increase the premium during the policy period. If *we* decrease the premium during the policy period, then *we* will provide a refund or a credit in the amount of the decrease. If *we* increase the premium during the policy period, then *you* must pay the amount of the increase.

**6.  Renewal**

*We* agree to renew this policy for the next policy period upon payment of the renewal premium when due, unless *we* mail or deliver a nonrenewal notice or a cancellation notice as set forth in 7. and 8. below.

**7.  Nonrenewal**

If *we* decide not to renew this policy, then, at least 30 days before the end of the current policy period, *we* will mail or deliver a nonrenewal notice to the most recent policy address that *we* have on record for the named insured and a creditor shown on the Declarations Page. If this policy is not renewed because the renewal premium is not paid when due, then notice to the creditor will be sent at least 10 days before the end of the current policy period.

**8.  Cancellation**

**a.  How You May Cancel**

*You* may cancel this policy by providing to *us* written notice of the date cancellation is effective. The cancellation will be effective the later of either:

(1)  the date *you* specify in *your* notice; or

(2)  the date *we* receive *your* notice.

*We* may waive these requirements by confirming the date and time of cancellation to *you* in writing.

**b. How and When We May Cancel**

*We* may cancel this policy by mailing or delivering a written notice to the most recent policy address that *we* have on record for the named insured and a creditor shown on the Declarations Page. The notice will provide the date cancellation is effective.

(1) If *we* mail or deliver a cancellation notice:

    (a) during the first 59 days following this policy's effective date; or

    (b) because the premium is not paid when due,

then the date cancellation is effective will be at least 10 days after the date *we* mail or deliver the cancellation notice. However, if a check, draft, or other negotiable instrument used to pay the premium during the first 59 days following this policy's effective date is not honored by a financial institution for any reason, then the policy is void from its inception and the promise of a 10 day advance notice does not apply.

Otherwise, the date cancellation is effective will be at least 30 days after the date *we* mail or deliver the cancellation notice.

(2) After this policy has been in force for more than 59 days, *we* will not cancel this policy before the end of the current policy period unless:

    (a) the premium is not paid when due; or

    (b) any other *person* who usually drives *your car* has had his or her driver's license under suspension or revocation during the 180 days immediately before the effective date of the policy or during the policy period.

**c. Return of Unearned Premium**

If *you* cancel this policy, then premium may be earned on a short rate basis. If *we* cancel this policy, then premium will be earned on a pro rata basis.

Any unearned premium may be returned within a reasonable time after cancellation. Delay in the return of any unearned premium does not affect the cancellation date.

**9. Assignment**

No assignment of benefits or other transfer of rights is binding upon *us* unless approved by *us*.

**10. Bankruptcy or Insolvency of the Insured**

Bankruptcy or insolvency of the *insured* or his or her estate will not relieve *us* of *our* obligations under this policy.

**11. Concealment or Fraud**

There is no coverage under this policy if *you* or any other *person* insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

**12. Extended Coverage for Spouse**

If *your car* is a *private passenger car*, and *you* either die or terminate *your* marriage, any coverage provided by this policy to *your* spouse immediately prior to *your* death or termination of *your* marriage will continue for *your* spouse until the lesser of 90 days or the expiration of the policy period.

**13. Conformance to Statute**

If any provisions of this policy are in conflict with the statutes of Georgia, they are amended to conform to these statutes.

**14. Our Right to Recover Our Payments**

Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage payments are not recoverable by *us*. Under all other coverages the following apply:

**a. Subrogation**

If *we* are obligated under this policy to make payment to or for a *person* or organization who has a legal right to collect from another *person* or organization, then *we* will be subrogated to that right to the extent of *our* payment.

The *person* or organization to or for whom *we* make payment must help *us* recover *our* payments by:

(1) doing nothing to impair that legal right;

(2) executing any documents *we* may need to assert that legal right; and

(3) taking legal action through *our* representatives when *we* ask.

However, *our* right to recover *our* payments applies only to the extent that the *person* or organization to or for whom *we* make payment has been fully compensated for damages resulting from the accident.

**b. Reimbursement**

If *we* make payment under this policy and the *person* or organization to or for whom *we* make payment recovers or has recovered from another *person* or organization, then the *person* or organization to or for whom *we* make payment must:

(1) hold in trust for *us* the proceeds of any recovery; and

(2) reimburse *us* to the extent of *our* payment.

However, *our* right to recover *our* payments applies only to the extent that the *person* or organization to or for whom *we* make payment has been fully compensated for damages resulting from the accident.

**15. Legal Action Against Us**

Legal action may not be brought against *us* until there has been full compliance with all the provisions of this policy.  In addition, legal action may only be brought against *us* regarding:

a. Liability Coverage after the amount of damages an *insured* is legally liable to pay has been finally determined by:

(1) judgment after an actual trial, and any appeals of that judgment if any appeals are taken; or

(2) agreement between the claimant and *us*.

b. Medical Payments Coverage if the legal action relating to this coverage is brought against *us* within four years immediately following the date of the accident.

c. Physical Damage Coverages if the legal action relating to these coverages is brought against *us* within one year immediately following the date of the accident or *loss*.

**16. Choice of Law**

Without regard to choice of law rules, the law of the state of:

a. Georgia will control, except as provided in b. below, in the event of any disagreement as to the interpretation and application of any provision in this policy; and

b. Illinois will control in the event of any disagreement as to the interpretation and application of this policy's:

(1) Mutual Conditions provision found on the most recently issued Declarations Page, if this policy was issued by the State Farm Mutual Automobile Insurance Company; or

(2) Participating Policy provision found on the most recently issued Declarations Page, if this policy was issued by any subsidiary or affiliate of the State Farm Mutual Automobile Insurance Company.

**17. Severability**

If any provision of this policy is held invalid or unenforceable by a court that has jurisdiction, then:

a. such provision will remain in full force to the extent not held invalid or unenforceable; and

b. all other provisions of this policy will remain valid and enforceable.

**State Farm Mutual Automobile Insurance Company**
PO Box 89000
Atlanta GA 30356-9900

| | |
|---|---|
| **DECLARATIONS PAGE** | |
| | **PAGE 1 OF 2** |

NAMED INSURED

AT2                003012 0058        11-037E-4  A      A
CUDD, JARRETT & LEAH
3003 CLUBVIEW DR
COLUMBUS GA  31906-1208

| |
|---|
| POLICY NUMBER   979 2301-E03-11A |
| POLICY PERIOD OCT 11 2019 to MAY 03 2020 <br> 12:01 A.M. Standard Time |

STATE FARM PAYMENT PLAN NUMBER
1587458627

AGENT

GEMES INSURANCE AGENCY INC
6298 VETERANS PKWY STE 3G
COLUMBUS, GA 31909-6276

PHONE: (706)322-8536

**DO NOT PAY PREMIUMS SHOWN ON THIS PAGE.**
**IF AN AMOUNT IS DUE, THEN A SEPARATE STATEMENT IS ENCLOSE D.**

## YOUR CAR

| YEAR | MAKE | MODEL | BODY STYLE | VEHICLE ID. NUMBER | CLASS |
|---|---|---|---|---|---|
| 2014 | NISSAN | SENTRA | 4DR | 3N1AB7AP5EL613442 | 507014H000 |

| SYMBOLS | COVERAGE & LIMITS | PREMIUMS |
|---|---|---|
| A | Liability Coverage | $1024.42 |
| | Bodily Injury Limits | |
| | Each Person,   Each Accident | |
| | $100,000        $300,000 | |
| | Property Damage Limit | |
| | Each Accident | |
| | $100,000 | |
| D | Comprehensive Coverage - $1,000 Deductible | $30.04 |
| G | Collision Coverage - $1,000 Deductible | $437.80 |
| U | Uninsured Motor Vehicle Coverage (Difference-In-Limits) | $89.17 |
| | Bodily Injury Limits | |
| | Each Person,   Each Accident | |
| | $100,000      $300,000 | |
| | Property Damage Limit ($250 Deductible) | |
| | Each Accident | |
| | $100,000 | |

| | | |
|---|---|---|
| **\* Total premium for OCT 11 2019 to MAY 03 2020.** | **$1,581.43** | This is not a bill. |

### IMPORTANT MESSAGES

The laws of the State of Georgia prohibit insurers from unfairly discriminating against any person based upon his or her status as a victim of family violence.

Replaced policy number 9792301-11.

**Your total renewal premium for NOV 03 2019 to MAY 03 2020 is $1,401.97.**

**\* The total premium listed above reflects a recent change to your policy and the 6 month renewal premium.**

State Farm works hard to offer you the best combination of price, service, and protection.   The amount you pay for automobile insurance is determined by many factors such as the coverages you have, where you live, the kind of car you drive, how your car is used, who drives the car, and information from consumer reports.

If a credit-based insurance score is used, you have the right to request, no more than once in a 12-month period that your policy be re-rated. The resulting impact due to the credit   portion of the re-rated insurance score will not increase your premium; however, your overall premium may decrease, remain the same, or increase due to other factors impacting your total premium.

**Notice of insurance information collection practices - personal , family, or household insurance transactions:**
We often collect personal information from persons other than the individual or individuals listed on the policy.
Such personal information may, in certain circumstances, be disclosed to third parties without your authorization.
If you would like  additional information concerning the collection and disclosure of personal information - and your right to see and correct any personal information in your files - it will be furnished upon request.

CONTINUED

See Reverse Side

This policy is issued by State Farm Mutual Automobile Insurance Company.

## MUTUAL CONDITIONS

1. **Membership.** While this policy is in force, the first insured shown on the Declarations Page is entitled to vote at all meetings of members and to receive dividends the Board of Directors in its discretion may declare in accordance with reasonable classifications and groupings of policyholders established by such Board.

2. **No Contingent Liability.** This policy is non-assessable.

3. **Annual Meeting.** The annual meeting of the members of the company shall be held at its home office at Bloomington, Illinois, on the second Monday of June at the hour of 10:00 A.M., unless the Board of Directors shall elect to change the time and place of such meeting, in which case, but not otherwise, due notice shall be mailed each member at the address disclosed in this policy at least 10 days prior thereto.

In Witness Whereof, the State Farm Mutual Automobile Insurance Company has caused this policy to be signed by its President and Secretary at Bloomington, Illinois.

Secretary

President

**State Farm Mutual Automobile Insurance Company**
PO Box 89000
Atlanta GA 30356-9900

**DECLARATIONS PAGE**

PAGE 2 OF 2

NAMED INSURED  003012 0058        11-037E-4  A        A

CUDD, JARRETT & LEAH
3003 CLUBVIEW DR
COLUMBUS GA  31906-1208

| POLICY NUMBER   979 2301-E03-11A |
| POLICY PERIOD OCT 11 2019 to MAY 03 2020 |
| 12:01 A.M. Standard Time |

STATE FARM PAYMENT PLAN NUMBER
1587458627



ST-8
0203-0406

---

**EXCEPTIONS, POLICY BOOKLET & ENDORSEMENTS (See policy booklet & individual endorsements for coverage details.)**

YOUR POLICY CONSISTS OF THIS DECLARATIONS PAGE, THE POLICY BOOKLET -
FORM 9811B, AND ANY ENDORSEMENTS THAT APPLY, INCLUDING THOSE ISSUED TO YOU
WITH ANY SUBSEQUENT RENEWAL NOTICE.
CREDITOR- SUNTRUST BANK ISAOA-ATIMA, PO BOX 792270, SAN ANTONIO TX
78279-2270.
6128CR    AMENDATORY ENDORSEMENT.
6911B.2   AMENDATORY ENDORSEMENT.

Agent:     GEMES INSURANCE AGENCY INC

Telephone: (706)322-8536

Prepared   OCT 15 2019        037E-AFE

This policy is issued by State Farm Mutual Automobile Insurance Company.

## MUTUAL CONDITIONS

1. **Membership.** While this policy is in force, the first insured shown on the Declarations Page is entitled to vote at all meetings of members and to receive dividends the Board of Directors in its discretion may declare in accordance with reasonable classifications and groupings of policyholders established by such Board.

2. **No Contingent Liability.** This policy is non-assessable.

3. **Annual Meeting.** The annual meeting of the members of the company shall be held at its home office at Bloomington, Illinois, on the second Monday of June at the hour of 10:00 A.M., unless the Board of Directors shall elect to change the time and place of such meeting, in which case, but not otherwise, due notice shall be mailed each member at the address disclosed in this policy at least 10 days prior thereto.

In Witness Whereof, the State Farm Mutual Automobile Insurance Company has caused this policy to be signed by its President and Secretary at Bloomington, Illinois.

Secretary

President

Policy Number: 979 2301-E03-11A
Sheet 1 of 1

PLEASE ATTACH TO YOUR POLICY BOOKLET

## 6911B.2 AMENDATORY ENDORSEMENT

This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

1. **THIS POLICY**

   Item 5. is changed to read:

   *Your* purchase of this policy may allow:

   a. *you* to purchase or obtain certain coverages, coverage options, coverage deductibles, coverage limits, or coverage terms on other products from the **State Farm Companies**, subject to their applicable eligibility rules; or

   b. the premium or price for other products or services purchased by *you*, including non-insurance products or services, to vary. Such other products or services must be provided by the **State Farm Companies** or by an organization that has entered into an agreement or contract with the **State Farm Companies**. The **State Farm Companies** do not warrant the merchantability, fitness, or quality of any product or service offered or provided by that organization.

2. **LIABILITY COVERAGE**

   a. **Insuring Agreement** and **Supplementary Payments** are replaced by the following:

      **Insuring Agreement**

      1. *We* will pay damages an *insured* becomes legally liable to pay because of:

         a. *bodily injury* to others; and

         b. damage to property

         caused by an accident that involves a vehicle for which that *insured* is provided Liability Coverage by this policy.

      2. *We* have the right to:

         a. investigate, negotiate, and settle any claim or lawsuit;

         b. defend an *insured* in any claim or lawsuit, with attorneys chosen by *us*; and

         c. appeal any award or legal decision

         for damages payable under this policy's Liability Coverage.

      **Supplementary Payments**

      *We* will pay, in addition to the damages described in the **Insuring Agreement** of this policy's Liability Coverage, those items listed below that result from such accident:

      1. Attorney fees for attorneys chosen by *us* to defend an *insured* who is sued for such damages. *We* have no duty to pay attorney fees incurred after *we* deposit in court or pay the amount due under the **Insuring Agreement** of this policy's Liability Coverage;

      2. Court costs awarded by the court against an *insured* and resulting from that part of the lawsuit:

         a. that seeks damages payable under this policy's Liability Coverage; and

         b. against which *we* defend an *insured* with attorneys chosen by *us*.

court costs incurred after *we* deposit in court or pay the amount due under the **Insuring Agreement** of this policy's Liability Coverage;

3. Interest the *insured* is legally liable to pay on damages payable under the **Insuring Agreement** of this policy's Liability Coverage:

   a. before a judgment, but only the interest on the lesser of:

      (1) that part of the damages *we* pay; or

      (2) this policy's applicable Liability Coverage limit; and

   b. after a judgment.

   *We* have no duty to pay interest that accrues after *we* deposit in court, pay, or offer to pay, the amount due under the **Insuring Agreement** of this policy's Liability Coverage. *We* also have no duty to pay interest that accrues on any damages paid or payable by a party other than the *insured* or *us*;

4. Premiums for bonds, provided by a company chosen by *us*, required to appeal a decision in a lawsuit against an *insured*. *We* have no duty to:

   a. pay for any bond with a face amount that exceeds this policy's applicable Liability Coverage limit;

   b. furnish or apply for any bonds; or

   c. pay premiums for bonds purchased after *we* deposit in court, pay, or offer to pay, the amount due under the

**Insuring Agreement** of this policy's Liability Coverage; and

5. The following costs and expenses if related to and incurred after a lawsuit has been filed against an *insured*:

   a. Loss of wages or salary, but not other income, up to $200 for each day an *insured* attends, at *our* request:

      (1) an arbitration;

      (2) a mediation; or

      (3) a trial of a lawsuit; and

   b. Reasonable expenses incurred by an *insured* at *our* request other than loss of wages, salary, or other income.

   The amount of any of the costs or expenses listed above that are incurred by an *insured* must be reported to *us* before *we* will pay such incurred costs or expenses.

b. **Exclusions**

   The exception to exclusion 11. is changed to read:

   This exclusion does not apply to damage to a:

   a. motor vehicle *owned* by the employer of *you* or any *resident relative* if such damage is caused by an *insured* while operating another motor vehicle;

   b. residence while rented to or leased to an *insured*; or

   c. private garage while rented to or leased to an *insured*;

©, Copyright, State Farm Mutual Automobile Insurance Company, 2018          6911B.2

©, Copyright, State Farm Mutual Automobile Insurance Company, 2018          6911B.2



ST-8
0303-0406

08465/02933
ED1

Policy Number: 979 2301-E03-11A

**PLEASE ATTACH TO YOUR POLICY BOOKLET**

3. **MEDICAL PAYMENTS COVERAGE**

   **Exclusions**

   The exception to exclusion 5. is changed to read:

   This exclusion does not apply to:

   a. *you*;

   b. any resident relative; or

   c. any agent, employee, or business partner of a. or b. above

   while maintaining or using *your car*, a *newly acquired car*, a *temporary substitute car*, or a *trailer owned by you*;

4. **UNINSURED MOTOR VEHICLE COVERAGE**

   a. The title "Uninsured Motor Vehicle Coverage (Excess)", wherever it appears in the policy, has been changed to "Uninsured Motor Vehicle Coverage (Added To At-Fault Liability Limits)".

   b. The title "Uninsured Motor Vehicle Coverage (Difference-In-Limits)", wherever it appears in the policy, has been changed to "Uninsured Motor Vehicle Coverage (Reduced By At-Fault Liability Limits)".

   c. **Additional Definitions**

   *Insured* is changed by replacing the sentence that reads:

   "Such vehicle must be used within the scope of *your* consent."

   with the following:

   "Such vehicle must be used with the express or implied consent of *you*."

5. **GENERAL TERMS**

   a. **Where Coverage Applies**

   The following is added:

   Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage apply anywhere in the world.

---

   b. **How Your Policy Is Cancelled Due to Your Cancellation**, is changed to read:

   **How You May Cancel**

   *You* may cancel this policy by providing to *us* notice of the date cancellation is effective. The cancellation will be effective the later of either:

   (1) The date *you* specify in *your* notice; or

   (2) The date *we* received *your* notice.

   *We* may waive the future date requirement by confirming the date and time of cancellation to *you* in writing.

   *We* may require *you* to provide written, electronic, or other recorded verification of *your* request for cancellation prior to such cancellation taking effect.

   c. The following is added:

   **Limited Coverage in Mexico**

   This policy does not provide Mexican auto insurance and does not comply with Mexican auto insurance requirements. If *you* or any other *insured* plan to drive in Mexico, then auto insurance providing coverage in Mexico should be purchased from a Mexican insurance company.

   Subject to the above paragraph, the following coverages apply in Mexico, but only for accidents and *losses* that occur in Mexico within 50 miles of the United States of America border and only for *insureds* as defined under each of the following coverages:

   a. **Liability Coverage**

---

   If a claim is brought against an *insured* in Mexico, the **Supplementary Payments** provision of this policy's Liability Coverage is changed to read:

   *We* may, in addition to the damages described in item 1. of the **Insuring Agreement** of this policy's Liability Coverage, pay or reimburse, at our option, reasonable attorney fees for an attorney licensed in Mexico to appear for and provide advice to *insureds* as defined under this policy's Liability Coverage. The amount of such attorney fees incurred by an *insured* must be reported to *us* before *we* will make payment.

   b. **Medical Payments Coverage**

   c. **Physical Damage Coverages**

   Any amount payable for the repair or replacement of the *covered vehicle* under the **Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage** provision of this policy will be limited to the cost to repair or replace the *covered vehicle* in the United States of America.

   WE HAVE NO DUTY TO PROVIDE A DEFENSE FOR *YOU* OR ANY OTHER *INSURED* IN ANY CRIMINAL, CIVIL, OR OTHER ACTION.

   WE HAVE NO DUTY TO PAY ANY CLAIM OR COST THAT WOULD NOT BE PAYABLE UNDER THIS POLICY IF THE ACCIDENT OR *LOSS* HAD OCCURRED IN THE STATE OF

---

   GEORGIA IN THE UNITED STATES OF AMERICA.

   All other policy provisions not in conflict with the provisions in this **Limited Coverage in Mexico** provision of this policy apply.

   **If Other Coverage Applies**

   Any coverage provided by this **Limited Coverage in Mexico** provision is excess over any other applicable insurance.

   **Legal Action Against Us**

   Any legal action against *us* arising out of an accident or *loss* occurring in Mexico must be brought in a court that has jurisdiction in the state of Georgia in the United States of America.

   d. Paragraph c. of 5. **Premium** is changed to read:

   c. The premium for this policy may vary based upon:

   (1) the purchase of other products or services from the *State Farm Companies*;

   (2) the purchase of products or services from an organization that has entered into an agreement or contract with the *State Farm Companies*. The *State Farm Companies* do not warrant the merchantability, fitness, or quality of any product or service offered or provided by that organization; or

   (3) an agreement, concerning the insurance provided by this policy, that the *State Farm Companies* has with an organization of which *you* are a member, employee, subscriber, licensee, or franchisee.

---

©, Copyright, State Farm Mutual Automobile Insurance Company, 2018

6911B.2

©, Copyright, State Farm Mutual Automobile Insurance Company, 2018

6911B.2

0846502933