# EXHIBIT B

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| JARRETT CUDD, on behalf of himself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>*Defendant.* | Civil Action No. 4:21-cv-00217-CDL<br><br>**DECLARATION OF DANIEL DIFFLEY IN SUPPORT OF DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, COMPEL APPRAISAL AND STAY** |

I, Daniel F. Diffley, declare:

1. I am a partner with Alston & Bird LLP, counsel of record for Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify to these statements.

2. On January 27, 2022, I sent a letter to Mr. J. Benjamin Finley, counsel for Plaintiff, by e-mail to request appraisal of Mr. Cudd's covered vehicle at issue in the above-captioned litigation. A true and correct copy of this letter is attached hereto as **Exhibit 1**.

3. On February 15, 2022, Mr. J. Benjamin Finley, also counsel for Plaintiff, responded to my letter and refused to participate in the appraisal process. A true and correct copy of this letter is attached hereto as **Exhibit 2**.

I declare under the penalty of perjury under the laws of the United States that the above statements are true.

Executed this 17th day of February 2022 in Atlanta, Georgia.


_____
Daniel F. Diffley

# EXHIBIT 1

# ALSTON & BIRD

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
404-881-7000

**Daniel F. Diffley**  Direct Dial: **404-881-4703**  Email: **dan.diffley@alston.com**

January 27, 2022

**VIA EMAIL**

J. Benjamin Finley
The Finley Firm, P.C.
200 13th Street
Columbus, Georgia 31901

Re:   *Cudd v. State Farm Mutual Automobile Ins. Co.*
      **Case No. 4:21-cv-00217-CDL**
      **Policy No. 979 2301-E03-11A**
      **Claim No. 11-19M9-29G**

Dear Mr. Finley:

I write on behalf of State Farm Mutual Automobile Insurance Co. ("State Farm") to request an appraisal of the covered vehicle in connection with Claim No. 11-19M9-29G, as provided in Mr. Cudd's above-referenced insurance policy (the "Policy").

Under the Physical Damages Coverage portions of the Policy, in the subsection titled "Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage," the Policy provides as follows at paragraph 1.b.(1):

> The owner of the ***covered vehicle*** and ***we*** must agree upon the actual cash value of the ***covered vehicle***. If there is disagreement as to the actual cash value of the ***covered vehicle***, then the disagreement will be resolved by appraisal upon written request of the owner or ***us*** . . .

Please consider this letter State Farm's written request to resolve any disagreements with respect to the actual cash value of Mr. Cudd's vehicle by appraisal. State Farm will select its appraiser promptly and notify you by additional letter, so the appraisal processes can begin.

*Alston & Bird (City) LLP ("Alston & Bird UK") is a limited liability partnership registered in the U.S., but which practices in the UK from Octagon Point, St Paul's, 5 Cheapside, London, EC2V 6AA ("firm's office"). A list of Alston & Bird UK's members is available for inspection at the firm's office. Alston & Bird UK is authorised and regulated by the Solicitors Regulation Authority with registered number 658074. Alston & Bird UK is connected with its affiliate in the U.S., Alston & Bird LLP, although they are two separate legal entities. The word "partner" denotes a member of Alston & Bird UK or an employee or consultant with equivalent standing and qualifications.*

Alston & Bird LLP                                                                                       www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

**Cudd v. State Farm Mutual Automobile Ins. Co.**
**Case No. 4:21-cv-00217-CDL**
**Policy No. 979 2301-E03-11A**
**Claim No. 11-19M9-29G**
January 27, 2022
Page 2


Sincerely,

*/s/ Daniel F. Diffley*

Daniel F. Diffley

Cc:    Travis C. Hargrove (thargrove@thefinleyfirm.com)
        Marybeth V. Gibson (mgibson@thefinleyfirm.com)
        N. Nickolas Jackson (njackson@thefinleyfirm.com)
        R. Brent Irby (brent@irbylaw.net)
        Blake Simon (blake.simon@alston.com)
        Melissa Quintana (melissa.quintana@alston.com)

# EXHIBIT 2

Case 4:21-cv-00217-CDL   Document 10-3   Filed 02/17/22   Page 7 of 9



J. Benjamin Finley
Attorney at Law
BFinley@TheFinleyFirm.com

February 15, 2022

**VIA EMAIL ONLY**
Daniel F. Diffley (dan.diffley@alston.com)
Alston & Bird
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

Re:   *Cudd v. State Farm Mutual Automobile Ins. Co.* (Case 4:21-cv-00217-CDL)

Dear Dan:

Thank you for your letter of January 27, 2022, requesting an appraisal of Plaintiff Jarrett Cudd's vehicle. For the reasons explained below, Plaintiff rejects your request for an appraisal.

Plaintiff's class action complaint challenges State Farm's practice of applying a "Typical Negotiation Adjustment" to its insureds' vehicles that are declared a total loss. For reasons we believe are designed to increase its profits to the detriment of its insureds, State Farm reduces payment to the insured by 8% - 9% of the advertised list prices of comparable vehicles in order to decrease the actual cash value for total loss claims. Plaintiff contends that this practice is illegal under the applicable policy and Georgia law. Engaging in an appraisal process is not remotely responsive to the issues presented in Plaintiff's complaint.

Further, Plaintiff is not contesting the value assigned to the vehicle due to differences in the trim, mileage, and condition, between Plaintiff's vehicle and comparable vehicles. Therefore, your request to engage in a belated appraisal process would be a waste of time and resources and would not aid the Court in any way in its analysis of Plaintiff's claims. Again, Plaintiff challenges the legality of the "Typical Negotiation Adjustment" applied across the board by State Farm to decrease its insureds' total loss payments. In today's environment, it is particularly improper to unilaterally apply this downward adjustment; used cars are selling for over 40% above typical fair market value according to recent studies. An appraisal does nothing to address these concerns.

In addition to damages, Plaintiff seeks declaratory relief asking the Court to declare that the Typical Negotiation Adjustment is illegal and to enjoin State Farm from applying it in the future. Plaintiff's case challenges State Farm's fraudulent scheme to illegally undervalue insureds' vehicles that are declared a total loss in order to increase its own profits. This is an issue that cannot be resolved through an appraisal process that is part of that very scheme. Moreover, the Court's assessment of whether to enjoin State Farm from applying this arbitrary downward adjustment will not turn on an any appraisal.

Finally, State Farm's "written request to resolve its disagreement with respect to the actual cash value of Mr. Cudd's vehicle by appraisal" at this point in time appears disingenuous and made in bad faith. On May 8, 2021, over nine months ago, State Farm's Claims associate advised Plaintiff that "after reviewing damages, your vehicle has been identified as a potential total loss" and provided Plaintiff with a four-step overview of what to expect next – none of which included an appraisal. State Farm had already requested that an independent company provide a valuation of the vehicle, and State Farm received that written report on May 11, 2021, informing State Farm of the vehicle's condition. For each of the foregoing reasons, Plaintiff declines State Farm's "written request to resolve its disagreement with respect to the actual cash value of Mr. Cudd's vehicle by appraisal."

                Very truly yours,

                J. Benjamin Finley

cc:    MaryBeth V. Gibson (mgibson@thefinleyfirm.com)
       Nick Jackson (njackson@thefinleyfirm.com)
       Brent Irby (brent@irbylaw.net)
       Blake Simon (blake.simon@alston.com)
       Melissa Quintana (melissa.quintana@alston.com)